MIGUEL NORIEGA, peticionario, *v.* CORTE DE DISTRITO DE ARECIBO, HON. R. AGRAÍT ALDEA, JUEZ, demandada.

Núm. 1291.—*Sometido:* Mayo 8, 1942. *Resuelto:* Mayo 20, 1942.

A. *Reyes Delgado* y *P. Santos Borges,* abogados del peticionario; *J. Córdova Rivera,* abogado de la interventora, María Batista, demandada en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR. emitió la opinión del tribunal.

En una acción de desahucio en precario iniciado por Miguel Noriega contra Juan Cortés, Petra Girau, Miguel Borrero y María Batista, la Corte de Distrito de Arecibo dictó sentencia declarando con lugar la demanda y ordenando el lanzamiento de los demandados de la casa objeto del desahucio pero condicionó la sentencia y su ejecución en esta forma:

"pero se dispone además que para tener efecto la sentencia y para poder ejecutar la misma el demandante Miguel Noriega deberá depositar en esta corte la suma de $50 para María Batista, para ser entregados por el Secretario de la corte a la misma, tan pronto sea firme esta sentencia."

Solicitó el demandante la reconsideración de la sentencia y la corte después de oír a las partes la denegó expresándose, en parte, así:

"Tal como entendemos la situación en este asunto es la siguiente:

"María Batista vivía con Rafael Girau, como concubina. Rafael Girau compró la misma casa objeto del desahucio a Toribia Girau. Necesitaba darle $50 y entonces hizo que su concubina, María Batista, vendiera una casita de ella y consiguió de ese modo los $50. Creyendo que era una garantía entregarle el documento que había conseguido de Toribia, le entregó la escritura a María Batista *sin hacer ningún contrato de garantía o hipoteca.*

"Rafael Girau murió y aparece el hecho raro de que Toribia hace una doble venta al demandante. Nos inclinamos a creer, aunque no aparece claro de la prueba, que Girau no satisfizo a Toribia el total de la compra, y que muerto éste, ella creyó que tenía el derecho de venderla a un tercero; aunque la escritura aparentemente demuestre una venta por valor recibido.

"Como María Batista no es heredera de Rafael Girau no puede discutir la cuestión de doble venta, mucho menos cuando la escritura a favor del demandante está inscrita y la otra no fué inscrita.

"Tampoco podía resolverse ese asunto en el pleito de desahucio, a no ser que declaráramos sin lugar la demanda por no haber demostrado que el demandante sea dueño de dicha propiedad.

El demandante Noriega tenía conocimiento de ese crédito de $50, que no deja de ser un interés que tiene María Batista en esa propiedad, *aunque no se haya hecho escritura alguna.*

"La ley de desahucio, en su artículo 637, dice que no será un obstáculo para el lanzamiento el que un colono o inquilino reclame como suyo labores o plantíos o cualquier otra cosa que no se pueda separar de la finca." (Bastardillas nuestras.)

Hace la corte inferior referencia al caso de *Carrasquillo* v. *Ripoll y Montalvo, Int.*, 56 D.P.R. 318, y terminó diciendo:

"Por más que el juzgador quiera convencerse a sí mismo de que no habiendo hipoteca alguna a favor de María Batista por los $50 ella no tiene ningún derecho a reclamarlos para salir de allí, la razón y la conciencia le dice a uno todo lo contrario. Nuestra opinión es que en el juicio de desahucio pueden resolverse estas pequeñas cuestiones que generalmente levantan personas humildes que tienen algún interés en la finca sin que tengan derecho a la posesión de la misma. El desahucio puede decretarse a la vez que se compensa la reclamación que sea justa. Obligar a otro litigio para que María Batista tenga que hacer gastos y pagar abogado es destruir su derecho y hacer ineficaz cualquier acción, cuando se trata de pequeñas cantidades. Es imposible que la ley pueda preveer todos los casos que generalmente ocurren en Puerto Rico y que intervienen con la posesión de fincas rústicas y urbanas."

Para revisar la actuación de la corte inferior, por alegarse por el peticionario Miguel Noriega que la sentencia dictada en la forma expuesta es nula y viola el procedimiento establecido en la ley de desahucio, expedimos un auto de *certiorari* y, remitidos los autos por la corte inferior se celebró la vista correspondiente con asistencia de las partes.

Nos damos cuenta de que la corte inferior, inspirada en los mejores propósitos de hacer completa justicia a la demandada María Batista, quiso hacer extensivos el artículo 637 del Código de Enjuiciamiento Civil, artículo 18 de la ley de desahucio y lo resuelto en el caso de *Carrasquillo,* supra, a los hechos de este caso, empero ni el precepto ni la decisión son aplicables. Dispone el artículo 637 en su primer párrafo lo siguiente:

"Artículo 637.—No será un obstáculo para el lanzamiento el que el colono o inquilino reclame como suyos labores, plantíos o cualquiera otra cosa que no se pueda separar de la finca."

Y en el caso de *Carrasquillo,* aparte de una cuestión de procedimiento relacionada con el derecho de intervención, la cuestión fundamental envuelta era la interpretación del artículo 1461 del Código Civil en relación con los derechos de un arrendatario sobre los frutos de una finca vendida antes de terminar el arrendamiento.

Como puede verse no existe en el caso de autos hecho alguno que justifique la sentencia dictada por la corte inferior a base del artículo 637 ni del caso de *Carrasquillo.* La demandada no tenía en la finca objeto del desahucio labores o plantíos, o cualquier otra cosa que no pudiera separarse de la finca. Tampoco disfrutaba la demandada de un contrato de arrendamiento que venciera a virtud de la venta de la finca y sobre la cual tuviera frutos pendientes de recolectar y de los cuales estuviera obligado a indemnizarla el comprador o sea el demandante en el desahucio y aquí peticionario, según se resolvió en el caso de *Carrasquillo.*

Del pago de la deuda de $50 que tenía la demandada María Batista pendiente de cobro de su concubino primero y luego de su sucesión, no puede ser responsable el peticionario Miguel Noriega, pues el hecho de que él supiera que a la demandada se le debía dicha suma, según afirma la corte inferior, no es suficiente para obligarle a su pago. [2] Además, no es en el procedimiento especial de desahucio que puede y debe ventilarse y resolverse una reclamación en cobro de dinero por una persona que está poseyendo en precario una casa. [3] El hecho de que María Batista le prestara los $50 a su concubino para pagar parte del precio de la casa sin que éste constituyera gravamen alguno sobre la misma para garantizar dicho préstamo, no le concedió interés alguno sobre dicha propiedad. En cuanto a que la cantidad envuelta es pequeña y obligar a María Batista a otro litigio en el que tenga que hacer gastos sería destruir su derecho, fué precisamente para conceder un remedio adecuado y poco costoso para estas pequeñas reclamaciones que se aprobó la Ley núm. 10 de 1921 (pág. 113).

La sentencia condicionada de la corte inferior es claramente errónea y fué dictada sin adquirir jurisdicción sobre la materia objeto de la condición impuesta al aquí peticionario y, en su consecuencia, *se declara con lugar la petición, se anula la sentencia dictada por la Corte de Distrito de Arecibo el 26 de marzo de 1942, debiendo devolverse los autos originales del caso núm. 4059 a dicha corte para que dicte la sentencia que proceda de acuerdo con los hechos probados y la ley.*

El Juez Asociado Sr. Travieso no intervino.