TELESFORO FERNÁNDEZ & HNO., INC., demandante y apelada, v. JOSÉ A. PÉREZ ET AL., demandados y apelante el primero.

Número 11693.

*Sometido:* 3 de enero de 1956. *Resuelto:* 30 de abril de 1956.

*Gaspar Gerena Bras*, abogado del apelante; *Félix Ochoteco, Jr.*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR SALDAÑA emitió la opinión del Tribunal.

La corporación demandante compró un edificio en Santurce con fecha junio 3 de 1954. Los anteriores dueños habían cedido la planta baja del referido inmueble a José Santiago, en virtud de un contrato de arrendamiento por meses, y éste había subarrendado dos locales en la misma a José A. Pérez y a Pedro Rovira por un canon mensual de $45 y $50, respectivamente. El 4 de junio de 1954 la demandante notificó a Santiago, Pérez y Rovira que había comprado el edificio mencionado y que ellos debían pagarle directamente los cánones. Aproximadamente cuarenta días más tarde, en julio 15 de 1954, la demandante notificó por escrito a cada uno de los tres arrendatarios aludidos que daba por terminados los contratos de arrendamiento y requirió el desalojo de los locales comerciales que ocupaban dentro de un término de seis meses porque los necesitaba para sí de buena fe. Santiago desocupó su local voluntariamente peró Rovira y Pérez se negaron a hacerlo. En consecuencia, la demandante instó demanda de desahucio contra ellos en el Tribunal Superior. Rovira no contestó, su rebeldía fué anotada y se dictó sentencia en su contra que no fué apelada. El demandado Pérez, sin embargo, contestó la demanda de desahucio alegando que entre él y la demandante existía un contrato de arrendamiento, por lo cual se acogía a la prórroga involuntaria que fija la Ley de Alquileres Razonables (17 L.P.R.A. sec. 192 y sigtes.), ya que la demandante no estaba actuando de buena fe.

Al comenzar el juicio, que se celebró de conformidad con el procedimiento sumario de desahucio, el demandado Pérez solicitó permiso para añadir a su contestación las siguientes alegaciones: "Que el demandado José A. Pérez con posterioridad al 25 de abril de 1946 ha hecho reparaciones extraordinarias en el local que ocupa cuyo valor son de $527 y que incluye un piso, un inodoro, bañera, techo de madera y techo para poner el local hábil para el negocio a que lo dedica, o sea, de fotografías" y que "el propietario autorizó al demandado para hacerlas . . ." El tribunal a quo denegó dicha solicitud. Terminado el juicio, el tribunal a quo declaró con lugar la demanda. No conforme, el demandado instó el presente recurso de apelación. Alega que el Tribunal Superior cometió error: (1) al apreciar la prueba; (2) al no declararse sin jurisdicción para conocer del caso a tenor del art. 622 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 2823); (3) al no declararse sin jurisdicción para conocer del caso a tenor de la Orden Administrativa núm. 7, promulgada por la Oficina de Administración de Inquilinato con fecha marzo 5 de 1953; (4) al negarle permiso para enmendar su contestación en la forma antes señalada; y, por último, (5) al determinar que la demandante actuó de buena fe y concederle $150 en concepto de honorarios de abogado.

■ Carecen de méritos todos los errores que apunta el demandado. Respecto a la alegada falta de "jurisdicción" bajo el art. 622 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 2823), basta señalar que la parte demandada no solicitó nunca el traslado del pleito y, por tanto, éste se ventiló ante el Tribunal Superior por sumisión tácita de las partes y con la anuencia del juez que presidía la sala en ese momento. Véanse Sección 2, Artículo V de la Constitución (Tomo 1 L.P.R.A. pág. 206); 4 L.P.R.A. sec. 62 y *Rodríguez* v. *Registrador*, 75 D.P.R. 712 (1953).

■ Además la demandante cumplió sustancialmente con las disposiciones aplicables de la Orden Administrativa núm. 7, que fué promulgada por la Administración de Inquilinato (hoy Oficina de Estabilización Económica) el 5 de marzo de

1953, al amparo del art. 5 (*d*)· de la Ley núm. 464 de abril 25 de 1946. ((1) págs. 1327 y sigtes.) 17 L.P.R.A. sec. 185.(¹) Es cierto que la demandante no envió originalmente copia de su demanda a la Oficina de Estabilización Económica ni tampoco hizo constar en la demanda que se había cumplido con ese requisito. No obstante, nueve días después de radicar la demanda de desahucio, es decir, el 13 de mayo de 1955, la demandante envió por correo certificado copia de la misma a la referida agencia administrativa, indicándole además la fecha señalada para la segunda comparecencia en el pleito, que se celebró el día 8 de junio de 1955. Todas las pruebas documentales y testificales fueron presentadas en dicha vista. Por otro lado, el demandado estuvo siempre debidamente representado por su abogado. En consecuencia, es obvio que se cumplió a cabalidad con el propósito que inspira el requisito fijado por la Orden Administrativa: poner sobre aviso a la Oficina de Estabilización Económica para que ésta, si lo cree necesario, pueda comparecer en corte en defensa de los derechos que la ley y los reglamentos conceden a los inquilinos. Sería inconsistente con la justicia sustancial resolver que la demandante no cumplió en este caso con las disposiciones de la referida Orden Administrativa.

La única función del procedimiento de naturaleza sumaria que establece la ley para el desahucio es recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna. El beneficio de la economía y rapidez del trámite sumario se perdería si la acción no queda restringida a la consideración y resolución

---

.(¹) Dicha orden dispone que: "Efectivo a las 12:01 A.M. del día 6 de marzo de 1953, será necesario que el Demandante, en cualquier acción de desahucio en los Tribunales de Puerto Rico, envíe copia de la demanda de desahucio a la Oficina de Administración de Inquilinato (hoy Oficina de Estabilización Económica), en la misma fecha en que sea radicada la demanda. Dicha copia podrá ser enviada por correo. La demanda original deberá contener una certificación haciendo constar que se ha cumplido con este requisito."

de la cuestión estricta para la que se ha creado: la recuperación de la posesión material en los casos determinados por la ley. De ahí que el tratamiento de todos los demás derechos y cuestiones accesorias o colaterales sólo corresponde a la acción ordinaria y que el único pronunciamiento en la sentencia de desahucio es si procede o no ordenar el desalojo. [2] Por tanto, en el juicio del desahucio no cabe ventilar ni resolver reclamaciones en cobro de dinero que el arrendatario alegue tener contra el desahuciante bien sea por concepto de las reparaciones hechas durante el término del contrato o por cualesquiera otros conceptos. Cf. *Noriega* v. *Corte*, 60 D.P.R. 454 (1942) y 16 Jur. Civ. (2a serie) 468 (Sent. de 23 de noviembre de 1946). En verdad, el trámite sumario del desahucio hace inadmisible cualquier reconvención o contrademanda por parte del desahuciado. Véase Nueva Enciclopedia Jurídica, Tomo VII, págs. 119 a 178 (1955). Por otro lado, no es obstáculo para decretar el desahucio, si es procedente, ni aun para ejecutar el lanzamiento, la existencia de cosas pertenecientes al arrendatario en la propiedad que es *objeto de la acción.* Como es bien sabido, en cumplimiento del mandamiento de desahucio, el alguacil debe desalojar al arrendatario en su persona y en sus bienes que se puedan separar de la finca. Pero la ley expresamente dispone que "no será obstáculo para el lanzamiento que el colono o inquilino reclame como suyos *labores, plantíos o cualquier cosa que no se pueda separar de la finca* . . ." y, salvo el caso en que exista un contrato de aparcería agrícola, el tribunal puede ordenar el desalojo sin previo avalúo y pago de cualesquiera

---

[2] Así no se permite acumular a la acción especial de desahucio la acción en cobro de cánones adeudados ni tampoco la de indemnización de daños y perjuicios. *Géigel* v. *Corte*, 64 D.P.R. 350 (1944); *Pérez* v. *Corte*, 57 D.P.R. 764 (1940); *Finlay* v. *R. Fabián & Cía.*, 24 D.P.R. 152 (1916); *Rourke* v. *Pacheco*, 18 D.P.R. 981 (1912). Y las Reglas de Enjuiciamiento Civil no son aplicables a los procedimientos de desahucio. *Torres* v. *Corte*, 67 D.P.R. 292, 297 (1947). Compárense las limitaciones impuestas en el procedimiento de reposesión de bienes muebles de conformidad con la Ley de Ventas Condicionales: *Universal Credit* v. *Tribunal Superior*, 77 D.P.R. 475 (1954).

bienes del arrendatario que sean inseparables de la finca. Véase 32 L.P.R.A. sec. 2838; *Peña & Balbás* v. *Toro*, 34 D.P.R. 137 (1925); *Santiago* v. *Berlingeri*, 38 D.P.R. 577 (1928) y *Torres* v. *Corte*, 67 D.P.R. 292 (1947). Cf. *Charneco* v. *Méndez*, 65 D.P.R. 533 (1946). En consecuencia, resolvemos que el tribunal a quo actuó correctamente al denegar la solicitud del demandado para que se le permitiera agregar a su contestación las alegaciones que ya hemos mencionado anteriormente.(³)

El Tribunal Superior resolvió que la demandante necesitaba para sí, de buena fe, el local comercial que ocupaba el demandado a los fines de dedicarlo a su propio negocio. No tenemos duda alguna de que la demandante demostró a saciedad la buena fe que exige la ley para que prospere su acción de desahucio, de conformidad con las normas establecidas al respecto por este Tribunal Supremo en los casos de *Roselló*

---

(³) Por supuesto, al desahuciado queda libre el ejercicio de la acción ordinaria para reclamar la indemnización que le corresponda por las cosas de su propiedad que esté obligado a dejar en la finca. Y el art. 637 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 2838) dispone un procedimiento especial que el desahuciado puede invocar para el avalúo de las mismas al ejecutarse el desalojo. Aunque el aludido artículo parece otorgar al arrendatario desahuciado el derecho de indemnización, sin salvedad alguna, por todas las cosas inseparables que le pertenezcan, incluyendo toda clase de mejoras, aun las de recreo o de mero lujo, como es una disposición adjetiva debe quedar subordinada, en sus declaraciones de derecho, a lo que disponga el Código Civil y la demás legislación sustantiva vigente. Es decir, la indemnización del arrendatario desahuciado depende de las normas del Código Civil y de la Ley de Alquileres Razonables sobre los derechos y obligaciones del arrendador y del arrendatario respecto a las reparaciones y a las mejoras. Véanse 31 L.P.R.A. secs. 4051 a 4093; 31 L.P.R.A. sec. 1527; 17 L.P.R.A. sec. 190; Sentencia del Tribunal Supremo de España de 29 de mayo de 1952, 38 Jur. Civ. (2a serie) 1641, y 37 Revista de Derecho Privado 481–484 (1953). En todo caso, es indudable que en la acción de desahucio no puede hacerse ningún pronunciamiento sobre dicha indemnización. No podríamos ahora resolver si el demandado en el caso de autos tiene derecho a una indemnización ni tampoco si puede incoar una acción contra la desahuciante o si sólo puede reclamar contra los dueños anteriores del inmueble. Respecto a los problemas que plantea el caso de un arrendatario que edifica en el predio arrendado, véanse *Berrocal* v. *Tribunal*, 75 D.P.R. 84 (1953); 76 D.P.R. 38 (1954); y *Marchand* v. *Montes*, 78 D.P.R. 131 (1955).

*Hnos.* v. *Figueroa*, 78 D.P.R. 261, 269–275 (1955), *Sucn. Pérez* v. *Gual*, 75 D.P.R. 385 (1953) y *Roselló Hnos.* v. *Figueroa*, 74 D.P.R. 432 (1953). Tampoco encontramos base para intervenir con la discreción del tribunal a quo respecto a la imposición de honorarios de abogado.

*La sentencia apelada deberá ser confirmada.*