# 99 DTA 145

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL III DE ARECIBO Y UTUADO**
**PANEL I**

AUTORIDAD DE TIERRAS DE PUERTO RICO
Demandante-Apelado

v.

RAMON C. PARES ESTRELLA
Demandado-Apelante

Núm. KLAN-97-01237

San Juan, Puerto Rico, a 7 de mayo de 1999

Panel integrado por su Presidenta, Juez señora Rivera de Martínez
y los Jueces señor Rivera Pérez y señor Soler Aquino

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante el presente recurso se solicita de esta Curia la revocación de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo, el 11 de julio de 1997, notificada y archivada en autos copia de la misma el 1 de agosto de 1997. En el referido dictamen, el Tribunal de Primera Instancia declaró con lugar la demanda de desahucio que dio origen al pleito de autos. No estando conforme con la anterior determinación, la parte demandada, aquí apelante, señor Ramón Parés Estrella, acude ante nos. No le asiste la razón a dicha parte. Se confirma la sentencia apelada.

### I

El 13 de enero de 1986, la parte apelada suscribió un contrato de arrendamiento con la parte apelante, sobre una finca agrícola de quinientas tres (503) cuerdas ubicada en el Municipio de Arecibo. ■ El término de vigencia del referido contrato fue de diez (10) años, pudiendo ser prorrogado el mismo por un período de diez (10) años adicionales. Tal prórroga podría ser ejercitada por la arrendataria, parte aquí apelante, siempre que ésta: (a) hubiese cumplido fielmente todas y cada una de las condiciones acordadas; y (b) lo solicitara por escrito a la arrendadora, parte aquí apelada, con noventa (90) días de anticipación al vencimiento del término original. ■ Se acordó, además, que la arrendadora, parte aquí apelada, podría dar por terminado el contrato de arrendamiento en cuestión, en caso de que la propiedad fuese necesaria para los fines y propósitos de ésta o de cualquier otra agencia o municipio. ■ El canon anual acordado fue determinado a base de una cantidad fija de dinero por cuerda de terreno, por año. Dicha cantidad sería aumentada cada cinco (5) años, conforme a lo allí especificado. De igual forma se pactó que la parte demandada, aquí apelante, pagaría a la apelada la cantidad de veinticinco dólares ($25) mensuales por concepto de una estructura residencial de hormigón ubicada en la finca en cuestión.

Fue objeto de acuerdo expreso que la parte arrendadora podría utilizar la finca *"única y exclusivamente"* para la siembra de frutos menores, especialmente guineos y plátanos, así como también para el cuido y crianza de ganado bovino y equino. ■ El incumplimiento de la anterior cláusula podía dar lugar a que la arrendadora rescindiera el contrato. ■

A los fines de garantizar el pago de los cánones correspondientes a los primeros diez (10) años de vigencia del acuerdo, el arrendatario, parte aquí apelante, debía entregar a la arrendadora una fianza, la cual sería pagada semestralmente. ■ Se acordó que la falta de pago del canon en la forma estipulada, daría lugar a que la arrendadora, parte aquí apelada, diera por terminado el contrato de arrendamiento y procediera al desahucio de la arrendataria. ■ Se consignó que el hecho de que la arrendadora, al surgir la anterior situación, no terminara el contrato inmediatamente y desahuciara al arrendatario, no podía ser considerado como una anuencia al incumplimiento efectuado, ni tampoco como una renuncia a su derecho de rescindir el pacto y desahuciar a éste. ■

En caso de la ocurrencia de cualquier violación de parte de la arrendataria respecto a las cláusulas y condiciones acordadas en el contrato de arrendamiento en cuestión, la arrendadora, parte aquí apelada, venía obligada a notificar sobre la misma a tal arrendataria, debiendo además concederle un término de treinta (30) días para que corrigiera la misma. ■ Sin embargo, de la anterior cláusula, fue expresamente excluido aquel incumplimiento de la arrendataria relativo a la falta de pago del canon. ■

Según se desprende del expediente del caso de autos, el 11 de marzo de 1986 las partes enmendaron el contrato de arrendamiento, específicamente para autorizar al arrendatario, parte aquí apelante, a sembrar plátano en ciento cincuenta (150) cuerdas, de las quinientas ocho (508) cuerdas arrendadas, y el remanente de guineos *"main grain"*. ■ El 22 de septiembre de 1987, las partes efectuaron nuevas enmiendas al contrato de arrendamiento en cuestión, otorgando a las mismas un efecto retroactivo al 1 de mayo de 1987. Mediante éstas se autorizó al arrendatario a que dedicara a la siembra de piña, ciento ochenta y ocho (188) cuerdas, de las quinientas ocho (508)

cuerdas que fueron objeto del contrato original. Las enmiendas al contrato establecieron, a su vez, un nuevo canon anual de arrendamiento respecto a las cuerdas que serían sembradas de piña, mientras durara tal siembra, diferente del que regiría las trescientas veinte (320) cuerdas, que no serían utilizadas para dichos fines. Se pactó además en las referidas enmiendas, que el arrendatario, parte aquí apelante, no podría sembrar plátanos en un área que excediera de las ciento cincuenta (150) cuerdas de la propiedad, condición que de ser quebrantada daría lugar a la inmediata rescisión del contrato. ▮ Cabe señalar, que fue expresamente determinado por el Tribunal de Primera Instancia que tal contrato suscrito por las partes, mediante el cual se enmendó por segunda ocasión el acuerdo de arrendamiento originalmente pactado, no contenía anejo alguno.

El mismo 22 de septiembre de 1987 las partes otorgaron un *"Contrato de Refacción Agrícola y Otros Extremos"*. ▮ En éste la parte aquí apelada acordó conceder al aquí apelante un préstamo, el cual debía ser utilizado para atender los gastos de preparación, siembra, cultivo, fertilizantes y administración de las piñas que serían sembradas por la parte aquí apelante. Las cosechas de tales piñas quedaron de esta forma debidamente gravadas a favor de la parte apelada, y se acordó que la totalidad de las mismas serían vendidas para su procesamiento en la instalación de la parte aquí apelada, en la cual se procesan los productos *"Lotus"*.

Así las cosas, el 23 de septiembre de 1993, la parte aquí apelada, Autoridad de Tierras de Puerto Rico, presentó ante el antiguo Tribunal Superior, Sala de Arecibo, demanda de desahucio contra la aquí apelante. ▮ En la misma se alegó que la parte demandada, aquí apelante, había incumplido el contrato antes reseñado, al no pagar los cánones de arrendamiento de la forma y manera que había sido acordado por éstos. La parte demandante, aquí apelante, contestó la demanda que dio comienzo al presente litigio y, a su vez, presentó reconvención contra la aquí apelada alegando, en parte, que: (a) la demandante-apelada había suscrito un contrato con la demandada-apelante, mediante el cual se acordó que el canon de arrendamiento en cuestión sería pagado con la cosecha agrícola de la demandada-apelante, la cual debía ser recogida por la demandante-apelada; (b) que la ganancia que obtuviera la apelada de las referidas cosechas sería acreditada a los cánones de arrendamiento que el apelante venía obligado a pagar a aquél; (c) que por razón de lo anterior, la parte apelante tenía un crédito a su favor y en contra de la apelada ascendente a la cantidad de noventa mil dólares ($90,000). ▮

El 22 de octubre de 1993, el antiguo Tribunal Superior, Sala de Arecibo, celebró vista en la cual autorizó a la parte demandante, aquí apelada, a enmendar la demanda de autos, ▮ y convirtió los procedimientos del caso de autos en uno de naturaleza ordinaria. ▮ Por su parte, la aquí apelada presentó ante el Tribunal de Primera Instancia una moción titulada *"Réplica a Reconvención, Moción Solicitando Desestimación de Reconvención y Solicitando se Continúe el Desahucio por la Vía Sumaria"*. ▮ En dicha comparecencia se expuso que: (a) las reclamaciones contenidas en la reconvención presentada por la apelante eran referentes al alegado incumplimiento de la apelada para con un contrato de refacción agrícola suscrito entre las partes; (b) que la controversia relativa al mencionado contrato de refacción estaba siendo dilucidada en un procedimiento de arbitraje; y (c) que el contrato de arrendamiento no se encontraba dentro de las contenciones objeto de dichos procedimientos de arbitraje; (d) que el contrato de refacción no formaba parte del contrato de arrendamiento, ya que aquél era referente únicamente a la siembra de ciento cincuenta (150) cuerdas, de las quinientas ocho (508) cuerdas arrendadas; (e) que no procedía que el caso de autos fuera convertido en un procedimiento ordinario; y (f) que la reconvención presentada debía ser desestimada.

Luego de varios trámites procesales, ▮ entre ellos la preparación del Informe sobre Conferencia Preliminar entre Abogados, ▮ y la celebración de la Conferencia con Antelación al Juicio, el foro apelado celebró el juicio en su fondo los días 23 de mayo, 22 y 23 de agosto, 3 de septiembre y 11 de octubre de 1996. El 11 de julio de 1997, el Tribunal de Primera Instancia emitió sentencia declarando con lugar la demanda de desahucio incoada contra el aquí apelante y ordenando a ésta entregar a la parte aquí apelada la posesión de los terrenos en cuestión. ▮ El Tribunal de Primera Instancia, luego de recibir tanto prueba testifical como documental, concluyó que la parte aquí apelante había incumplido el contrato de arrendamiento en cuestión, en los siguientes términos: (a) no

prestó la fianza exigida en la cláusula tercera (3), inciso siete (7), del contrato; (b) no cumplió con el pago del canon de arrendamiento, según había sido acordado en la cláusula tercera (3), inciso dos (2), del contrato; ▮ (c) no notificó su intención de prorrogar el contrato de arrendamiento por los diez (10) años adicionales, dentro de los noventa (90) días anteriores a vencerse el término original, por lo que el contrato en cuestión se encuentra vencido. Aun cuando el Tribunal de Primera Instancia concluyó que la parte demandante, aquí apelada, adeuda a la apelante cierta cantidad de dinero por razón del contrato de refacción agrícola existente, determinó que ello debía ser levantado en el momento en que la apelada procediera al cobro de los cánones de arrendamiento adeudados. La razón aducida por el foro apelado para la anterior conclusión, fue a los efectos de que siendo el presente pleito uno de desahucio, lo único que debe dilucidarse y adjudicarse en el mismo es el derecho a la posesión del bien en cuestión, debiendo ser levantado cualquier otro extremo del contrato en cuestión en un pleito independiente.

De dicho dictamen la parte aquí apelada presentó ante el Tribunal de Primera Instancia una *"Solicitud de Determinaciones de Hechos Adicionales"* ▮ la cual fue declarada no ha lugar mediante resolución de 6 de octubre de 1997. ▮ Inconforme con la anterior decisión, la parte demandada, aquí apelante, señor Ramón Parés Estrella, acude ante nos señalando como errores cometidos por el Tribunal de Primera Instancia los siguientes:

*"1. Erró el Tribunal de Primera Instancia al no aplicar el principio de compensación.*

*2. Erró el Tribunal de Primera Instancia al excluir prueba pertinente y relevante a la controversia.*

*3. Erró el Tribunal de Primera Instancia al concluir que procedía el desahucio de la parte apelante."*

## II

En el presente caso la controversia a dirimir se circunscribe a determinar si el señor Parés Estrella tiene derecho a la posesión de la propiedad objeto del pleito.

El Código Civil de Puerto Rico dispone que un contrato de arrendamiento puede ser de cosas o de obras o de servicios. ▮ En un contrato de arrendamiento de cosas, una parte se obliga a dar a otra el goce o uso de la misma por un tiempo determinado y a un precio cierto. ▮ Entre las obligaciones del arrendador se encuentra entregar al arrendatario la cosa objeto del contrato y realizarle las reparaciones necesarias para mantenerla en buen estado. Además, el arrendador debe permitirle al arrendatario el disfrute pacífico de la cosa arrendada. ▮ A su vez, el arrendatario está obligado a pagar el canon pactado y a dar un uso adecuado a la cosa arrendada como un buen padre de familia, utilizándola según lo acordado. ▮

La Autoridad de Tierras inició un procedimiento de desahucio ante el Tribunal de Primera Instancia aduciendo que el señor Parés Estrella no cumplió con los términos del contrato de arrendamiento.

El Código Civil de Puerto Rico enumera una serie de circunstancias por las cuales el arrendador puede proceder al desahucio del arrendatario. Estas son las siguientes: (a) si expiró el término del arrendamiento; (b) por falta del pago del precio convenido; (c) por cualquier violación de las condiciones estipuladas en el contrato; y (d) por darle a la cosa arrendada un uso no pactado que la hace desmerecer. ▮

A su vez, el Código de Enjuiciamiento Civil regula la acción de desahucio. ▮ La acción de desahucio es un procedimiento especial de naturaleza sumaria, cuyo propósito es recuperar la posesión de una propiedad inmueble. ▮ Los propietarios de una finca, y los que tengan derecho a disfrutar de ella, pueden promover una acción de desahucio ▮ en contra de todo aquel que ostente la posesión material o disfrute precariamente la propiedad, sin pagar canon o merced alguna. ▮

En el caso de autos, el Tribunal de Primera Instancia dispuso que el señor Parés Estrella incumplió los

siguientes términos del contrato de arrendamiento: primero, no prestó la fianza exigida en el mismo; segundo, no cumplió con el pago del canon pactado; y tercero, no notificó su intención de prorrogar el contrato por los diez (10) años adicionales, dentro de los noventa (90) días anteriores a vencerse el término original, por lo que el contrato en cuestión se encuentra vencido. Estamos de acuerdo. Veamos.

Como señaláramos anteriormente, en el contrato de arrendamiento se acordó que el arrendador prestaría una fianza semestral para garantizar el pago de los cánones de arrendamiento. En la vista se evidenció que el señor Parés Estrella no había prestado semestralmente la fianza. ■ En su escrito de apelación, el señor Parés Estrella aduce que no tenía que pagar la fianza indicada, porque la Junta de Gobierno de la Autoridad de Tierras había acordado que los pequeños agricultores que retaran la prestación de la fianza se les liberaba de tal requisito. ■ Sin embargo, no existe evidencia en el expediente que demuestre que el señor Parés Estrella retó la prestación de la fianza. Por tanto, incumplió con esa parte del contrato.

En cuanto a los cánones de arrendamiento, en su escrito de apelación el señor Parés Estrella admite que no ha pagado los cánones de arrendamiento, pero que no ha incumplido con tal obligación porque dichos cánones se habrían de pagar a través del contrato de refacción agrícola. ■ No le asiste la razón. El contrato de refacción agrícola se realizó para que la Autoridad de Tierras le concediese un préstamo al señor Parés Estrella, cuyo producto éste debía de utilizar en la siembra de piñas. Dicho préstamo se pagaría con el producto de la cosecha. En el contrato de arrendamiento se dispuso que los cánones de arrendamiento se pagarían por el señor Parés Estrella. El mencionado contrato y el de arrendamiento son distintos. En ambos se acordaron asuntos diferentes. El contrato de refacción fue sometido a arbitraje, y con relación al de arrendamiento existe el caso de autos.

El señor Parés Estrella no solicitó por escrito, con noventa (90) días de antelación al vencimiento del término original, la prórroga del contrato de arrendamiento. En la vista, el señor Parés Estrella testificó que la había solicitado, sin embargo, tal testimonio no le mereció credibilidad al Tribunal de Primera instancia. ■ No encontramos ninguna instancia que demuestre que el tribunal *a quo* haya cometido error manifiesto al aquilatar la prueba desfilada. ■ Es importante señalar, que aun en la situación que el señor Parés Estrella no hubiese incurrido en las violaciones a los términos del contrato discutidas anteriormente, éste no tendría derecho a ostentar la posesión de la finca, porque el contrato de arrendamiento venció y viene obligado a entregar la posesión del mismo a la Autoridad de Tierras.

De un análisis del expediente ante nos, concluimos que el señor Parés Estrella incumplió los términos del contrato señalados anteriormente. Por consiguiente, procede el desahucio conforme a lo dispuesto en el Artículo 1459 del Código Civil, *supra*. El señor Parés Estrella no tiene derecho al uso y disfrute de la finca objeto del contrato.

La compensación es una de las formas que señala el Código Civil de Puerto Rico para extinguir una obligación. ■ La compensación tiene lugar cuando dos (2) personas *"sean recíprocamente acreedoras y deudoras la una de la otra"*. ■ La compensación procede cuando se cumple con los siguientes requisitos:

*"(1) Que cada uno de los obligados lo esté principalmente, y sea a la vez acreedor principal del otro.*

*(2) Que ambas deudas consistan en una cantidad de dinero, o siendo fungibles las cosas debidas, sean de la misma especie y también de la misma calidad, si ésta se hubiese designado.*

*(3) Que las dos deudas estén vencidas.*

*(4) Que sean líquidas y exigibles.*

*(5) Que sobre ninguna de ellas haya retención o contienda promovida por terceras personas y notificada oportunamente al deudor"* ▮

Sin embargo, en el presente caso el principio de compensación no es de aplicación. El señor Parés Estrella discute en su escrito de apelación los créditos que tiene a su favor, producto del contrato de refacción agrícola suscrito por él y la Autoridad de Tierras. ▮ Sin embargo, el caso de autos no es un caso en cobro de dinero. Lo único que pretende la Autoridad de Tierras con el presente pleito es recuperar la posesión física de la finca envuelta.

Conforme a lo anterior, es innecesario entrar a considerar el restante señalamiento de error.

### III

Por los fundamentos anteriormente expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 99 DTA 145

1. Apéndices 38 y 44, págs. 189 y 214, del escrito de apelación.

2. *Ibid.*

3. *Ibid.*

4. Apéndice 44, pág. 215, *Ibid.*

5. *Ibid.*

6. *Ibid.*

7. *Ibid*, pág. 218.

8. *Ibid.*

9. Ibid, pág. 220.

10. *Ibid.*

11. Apéndice 37, pág. 190, *Ibid.*

12. *Ibid*, pág. 228.

13. Apéndice 47, pág. 233, *Ibid.*

14. Apéndice 43, págs. 210-212, *Ibid.* Luego de que la parte aquí apelante presentara otra acción de desahucio contra el señor José A. Cosme Ortega en el caso *Autoridad de Tierras de Puerto Rico v. José A. Cosme Ortega,* caso número CPE-93-0962, el foro apelado ordenó la consolidación del mismo con el de autos. El 23 de mayo de 1996, el Tribunal de Primera Instancia dictó sentencia en cuanto a la causa de acción del mencionado caso *Autoridad de Tierras de Puerto Rico v. José A. Cosme Ortega,* procediendo así al juicio en su fondo en el caso que hoy nos incumbe, *Autoridad de Tierras de Puerto Rico v. Ramón Parés*

*Estrella,* caso número CPE-93-0896. Apéndice 23, pág. 129, *Ibid.*

**15.** Apéndice 42, págs. 207-209, *Ibid.*

**16.** Según se desprende de nuestro expediente, a solicitud de la parte demandante, el foro apelado autorizó a que la referida demanda fuera enmendada a los efectos de incluir una alegación referente al hecho de que la parte demandada se encontraba sembrando pangola, ello en violación al contrato de arrendamiento objeto del presente litigio. Apéndices 35 y 41, págs. 185 y 204-205, respectivamente, *Ibid.*

**17.** Apéndice 35, pág. 185, *Ibid.*

**18.** Apéndice 39, págs. 199-202, *Ibid.*

**19.** Según se desprende del expediente del caso de autos, el 5 de abril de 1995 el Tribunal de Primera Instancia ordenó la consolidación del caso de autos con el caso *Ramón Parés Estrella, et als. v. Autoridad de Tierras de Puerto Rico,* caso núm. KAC90-0505, el cual se encontraba pendiente de adjudicación en un procedimiento de arbitraje. Posteriormente, mediante resolución de 19 de mayo de 1995, dicho foro ordenó la paralización de los procedimientos del caso de marras, hasta tanto culminaran los referidos procedimientos de arbitraje. Apéndice 22, págs. 126-128. Tal determinación fue revocada mediante sentencia de 16 de noviembre de 1995 que fuera emitida por este Tribunal, en la cual se ordenó la continuación de los procedimientos del caso de autos ante el Tribunal de Primera Instancia. Apéndice 16, págs. 107-115, *Ibid.*

**20.** Apéndice 32, págs. 158-182, *Ibid.*

**21.** Apéndices 38 y 39, págs. 87-198, *Ibid.*

**22.** Concluyó el foro apelado que la parte aquí apelante, luego de efectuar el pago correspondiente al primer semestre, no había pagado a la parte apelada canon de arrendamiento alguno por las fincas agrícolas en cuestión, aun cuando al presente ostenta la posesión de las mismas y continúa explotándolas. Determinó, además, que la apelante nunca pagó el canon mensual de veinticinco dólares ($25) por concepto de la estructura residencial ubicada en la referida finca.

**23.** Apéndice 9, págs. 20-23, *Ibid.*

**24.** Apéndice 1, págs. 1-2, *Ibid.*

**25.** Art. 1432 del Código Civil, 31 L.P.R.A. sec. 4011.

**26.** Art. 1433 del Código Civil, 31 L.P.R.A, sec. 4012.

**27.** Art. 1444 del Código Civil, 31 L.P.R.A. sec. 4051.

**28.** Art. 1445 del Código Civil, 31 L.P.R.A. sec. 4052.

**29.** Art. 1459 del Código Civil, 31 L.P.R.A. sec. 4066.

**30.** 32 L.P.R.A. sec. 2821, *et seq.*

**31.** *Fernández & Hno. v. Pérez,* 79 D.P.R. 244, 247 (1956).

**32.** Art. 620 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2821.

**33.** Art. 621 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2822.

**34.** Exposición Narrativa de la Prueba Enmendada, págs. 4-5.

**35.** Escrito de Apelación, págs. 22-23.

**36.** *Ibid*, pág. 19.

**37.** Exposición Narrativa de la Prueba Enmendada, pág. 8.

**38.** *López v. ITT Intermedia,* 142 D.P.R. ___ (1997), **97 J.T.S. 42,** opinión de 4 de abril de 1997, a la pág. 838; *Ortiz v. Cruz Pabón,* 103 D.P.R. 939, 947-948 (1975).

**39.** Art. 1111 del Código Civil, 31 L.P.R.A. sec. 3151.

**40.** Art. 1149 del Código Civil, 31 L.P.R.A. sec. 3221.

**41.** Art. 1150 del Código Civil, 31 L.P.R.A. sec. 3222.

**42.** Escrito de Apelación, págs. 7-15.