Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| RODRÍGUEZ MORENO REALTY CORP.<br><br>Apelado<br><br>v.<br><br>RAFAEL SCHETTINI GRACIA<br><br>Apelante | KLAN202400650 | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Desahucio, Cobro de Dinero en Precario<br><br>Caso Núm.: SJ2024CV05142 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

Rodríguez Casillas, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de julio de 2024.

En esta ocasión debemos **desestimar** el presente recurso de apelación.

En virtud de lo anterior, nos limitaremos a presentar los hechos procesales pertinentes del caso.

**-I-**

El **8 de julio de 2024**, el *Sr. Rafael Schettini Gracia* (en adelante, "señor Schettini Gracia o apelante") nos presenta un recurso de apelación para que revisemos la *Sentencia* dictada el **26 de junio de 2024**,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"). Allí, se decretó el desahucio del señor Schettini Gracia y se dio por desistida la acción en cobro de dinero contra el apelante.

En lo pertinente, la Sentencia apelada expresó lo siguiente:

> [L]a parte adversamente afectada por esta Sentencia tendrá un término de cinco (5) días a partir de su notificación para presentar un recurso de revisión ante el Tribunal de Apelaciones. Para ello, y por así requerirlo la Ley Especial de

---
[1] Notificada el 27 de junio de 2024.

> Desahucio, el demandado deberá prestar una fianza por $8,250.00 – equivalente al valor de los meses de renta que se reclaman en la Demanda; y que el demandado no logró controvertir.
>
> Se apercibe que esta Sentencia advendrá final y firme luego de transcurrido el termino de apelación.[2]

Inconforme, el **8 de julio de 2024** el apelante recurrió ante este foro apelativo. Entre otras cosas, manifestó que a dicha fecha no había recibido notificación de la referida *Sentencia* vía correo electrónico.

**-II-**

**-A-**

El desahucio sumario es un procedimiento reglamentado por los Artículos 620-634 del Código de Enjuiciamiento Civil,[3] *"que responde al interés del Estado en atender rápidamente la reclamación del dueño de un inmueble que ve interrumpido el derecho a poseer y disfrutar de su propiedad".*[4] El objetivo de esta acción especial es *"recuperar la posesión de hecho de un bien inmueble mediante el lanzamiento o expulsión del arrendatario o precarista que lo detente sin pagar canon o merced alguna".*[5]

En lo pertinente al presente caso, el Artículo 629 del Código de Enjuiciamiento Civil,[6] establece un **<u>término jurisdiccional</u>** de cinco (5) días para que la parte perjudicada por la sentencia de desahucio presente un recurso de apelación.[7] En específico, dicho Artículo dispone lo siguiente:

> *"[l]as apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia".* Artículo 629 del Código de Enjuiciamiento Civil.[8]

---

[2] Apéndice del Apelante, pág. 14.
[3] 32 LPRA secs. 2821-2838.
[4] *ATPR v. Volmar Figueroa*, 196 DPR 5, 9 (2016); *Turabo Ltd. Partnership v. Velardo Ortiz,* 130 DPR 226, 234-235, (1992); *Mora Dev. Corp. v. Sandín, 18 P.R. Offic. Trans. 847*, 118 DPR 733, 749 (1987).
[5] *ATPR v. Volmar Figueroa*, supra, pág. 10; *Fernández & Hno. v. Pérez*, 79 DPR 244 (1956).
[6] 32 LPRA sec. 2831.
[7] *ATPR v. Volmar Figueroa*, supra, pág. 10.
[8] 32 LPRA sec. 2831.

Por lo tanto, este recurso solo se perfecciona —si dentro del referido término de cinco (5) días— el demandado presta una fianza por el monto que sea fijado por el TPI, conforme lo establece el Artículo 630 del Código de Enjuiciamiento Civil.[9] Este Artículo dispone lo siguiente:

> *"No se admitirá al demandado el recurso de apelación si no otorga fianza, por el monto que sea fijado por el tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en Secretaría el importe del precio de la deuda hasta la fecha de la sentencia".*[10]

Asimismo, el Artículo 631 del Código de Enjuiciamiento Civil, dispone lo siguiente:

> *"En las apelaciones interpuestas en juicios establecidos por falta del pago del canon estipulado, será deber del demandado consignar en la Secretaría del Tribunal de Primera Instancia el importe de todos y cada uno de los cánones de arrendamiento que vayan venciendo u otorgar fianza, a satisfacción del tribunal, para responder del importe de todos y cada uno de dichos arrendamientos".*[11]

En *Crespo Quiñones v. Santiago Velázquez,*[12] el Tribunal Supremo de P.R. señaló que *"[e]l requisito que obliga a un demandado a prestar fianza en apelación es jurisdiccional en todo tipo de pleito de desahucio, aun si no se fundare en falta de pago."* (citas omitidas). En cuanto a la razón de la fianza en apelación, el Tribunal Supremo de P.R. explicó lo siguiente:

> *"La razón es obvia: la fianza no existe para garantizar únicamente los pagos adeudados sino también los daños resultantes de mantener congelado el libre uso de la propiedad afectada mientras se dilucida la apelación".*[13]

Respecto a la importancia de que el TPI cumpla la obligación de fijar la cuantía de modo que el demandado pueda ejercer su derecho a apelar, el Tribunal Supremo de P.R. expresó lo siguiente:

> *"El deber del Tribunal de Primera Instancia de fijar la fianza en apelación quedó establecido con la aprobación de la Ley Núm. 378-2000, la cual enmendó el Art. 630 del Código de Enjuiciamiento Civil, supra, para disponer que sea ese*

---

[9] 32 LPRA sec. 2832.
[10] *Íd.*
[11] 32 LPRA sec. 2835.
[12] 176 DPR 408, 413-414 (2009).
[13] *Íd.*

*tribunal, y no el Tribunal de Apelaciones, quien determine la cuantía. Ello, pues es ante el foro de primera instancia que desfila la prueba necesaria para evaluar de forma más completa y precisa el posible daño que se busca cubrir. Véase, Exposición de Motivos de la Ley Núm. 378-2000.*

*[…]*

*[E]l Código de Enjuiciamiento Civil le impone al Tribunal de Primera Instancia la obligación de fijar la fianza que el demandado debe prestar como requisito para perfeccionar el recurso de apelación. Así surge de los Artículos 630 y 631 del Código de Enjuiciamiento Civil, supra, los cuales fueron enmendados para disponer expresamente que sea el foro de primera instancia, por encontrarse en mejor posición para ello, quien establezca la cuantía.*

*En vista de que se ha reconocido estatutariamente el derecho del demandado a apelar la sentencia sujeto a que presente la apelación en cinco días y otorgue una fianza, el Tribunal de Primera Instancia tiene que dar cumplimiento oportuno a su deber de fijar el monto de ésta. De lo contrario no sólo se privaría al demandado de ejercer un derecho reconocido por ley, sino que además se incidiría en la facultad del foro intermedio para revisar la sentencia".*[14]

Por lo tanto, el TPI deberá fijar en la sentencia que emita el monto de la fianza que el demandado debe otorgar si interesa apelar al foro intermedio.[15] El efecto de que el TPI no fije el monto de la fianza en la sentencia es que esta no será final debido a la falta de un elemento fundamental requerido por ley.[16] En consecuencia, careciendo de finalidad el término jurisdiccional de cinco (5) días para apelar no empieza a transcurrir hasta que el TPI establezca la cuantía o, en la alternativa, exima al demandado de tener que prestar la fianza.[17]

**-B-**

Sabido es que la norma reiterada en nuestro ordenamiento procesal es que *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí*

---

[14] *ATPR v. Volmar Figueroa*, supra, págs. 12-13.
[15] *Íd.*, pág. 14.
[16] *Íd.*, pág. 15.
[17] *Íd.* Aunque la prestación de fianza es un requisito jurisdiccional para apelar la sentencia de desahucio, se ha reconocido como excepción los casos en que el Tribunal de Primera Instancia declara al demandado insolvente. *Bucaré Management v. Arriaga García*, 125 DPR 153, 158-159 (1990). En tales casos estará exento de otorgar fianza pues su condición económica le impide cumplir con ese requisito. Esto, de conformidad con el interés del Estado en garantizar el acceso a los tribunales. *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408, 414 (2009).

*donde no la tienen"*.[18] Por lo que la jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobe determinado aspecto legal.[19] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso —toda vez que cualquier sentencia dictada sin jurisdicción es <u>nula</u> en derecho— pues la ausencia de jurisdicción es <u>insubsanable</u>.[20]

Un recurso tardío, al igual que uno prematuro, "*<u>adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre</u>*", por lo que debe ser desestimado.[21] Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[22]

En consecuencia, la Regla 83(B)(1)(C) de nuestro Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso, a iniciativa propia, cuando carezca de jurisdicción para atenderlo.[23]

**-III-**

Esta Curia carece de jurisdicción para atender el recurso epígrafe. Veamos**.**

Mediante la sentencia de conformidad emitida el **26 de junio de 2024 notificada el 27 del mismo mes y año**, el señor Schettini Gracia **tenía un término jurisdiccional de cinco (5)** días, a partir de la notificación, para prestar la fianza de $8,250.00 y presentar el recurso de apelación. No obstante, dicha parte recurrió a este foro intermedio el **8 de julio de 2024**, fuera del término jurisdiccional y sin prestar la fianza impuesta.

---

[18] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[19] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[20] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).
[21] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 883.
[22] *Ibid.*
[23] Véase, la Regla 83(B)(1)(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1)(C).

Razón por la cual, resulta forzoso concluir que nos vemos privados de jurisdicción para atender el recurso en sus méritos ante su presentación tardía. En consecuencia, procede su desestimación.

**-IV-**

Por los fundamentos antes expresados, se **desestima** el recurso de apelación epígrafe.

Lo acordó y manda el Tribunal y lo certifica la secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones