ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| RAMONA RAMOS HERNÁNDEZ Y OTROS<br><br>Recurridos<br><br><br>V.<br><br>RICARDO L. RAMOS GUZMÁN Y OTROS<br><br>Peticionarios | TA2025CE00513 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Comerío<br><br>Caso Núm.: CR2025CV00167<br><br>Sobre:<br><br>Desahucio en Precario |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de octubre de 2025.

Ricardo L. Ramos Guzmán y otros (peticionarios), nos solicita que revisemos la *Resolución* que en el caso CR2025CV00167, notificó el Tribunal de Primera Instancia, Sala de Comerío (TPI), el 27 de agosto de 2025. Mediante esta, el foro primario denegó la solicitud de Desestimación por Cosa Juzgada presentada por la parte aquí peticionaria y continuaron los procedimientos.

También en torno a solicitud de Desahucio, en el Tribunal Municipal de Aibonito bajo el número BQ2022CV00048, se dictó una Sentencia el 25 de mayo de 2022 pero reducida a escrito el 9 de junio de 2022, desestimando el reclamo, pues el Tribunal entendió que no había legitimación activa para el reclamo de desahucio que allí se realizaba. Luego se presenta otro caso, con partes distintas como demandantes y ese es el caso que se está

atendiendo y donde se ha emitido la Resolución que aquí se solicita revisar.

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *Certiorari*.

**I.**

El 4 de mayo de 2022, Ramona Ramos Hernández (recurrida), presentó una *Demanda de* desahucio contra Ricardo L. Ramos Guzmán y Vicmarie Santiago Nieves, con relación a una residencia ubicada en: Carr. 156 Km. 19.9 Int. Sector Los Pinos, Quebrada Grande, Barranquitas.[1] Ese caso siguió su trámite y se señaló y finalmente se celebró el Juicio.

Luego de celebrado el juicio en sus méritos, el TPI de Comerío determina en su Sentencia, desestimar la demanda de desahucio y dictó la Sentencia que dispuso lo siguiente: "De conformidad con la prueba presentada la parte demandante no tiene legitimación activa para promover el desahucio. Existe en este momento un conflicto con el título del inmueble que la parte demandante reclama como dueña, a pesar de que en efecto la parte demandada aceptó que quien le dio permiso para vivir en la mencionada propiedad fue la aquí demandante. El desahucio es un procedimiento sumario en el cual se trata de recobrar la posesión de quien tenga derecho a ella. En este caso la parte demandante no estableció como advino a ser la dueña del inmueble."

Contra dicha Sentencia no se presentó ningún recurso.

Se volvió a presentar el reclamo de desahucio el 25 de abril de 2025, al que se incluyeron nuevas partes demandantes, que no habían sido parte en el primero.

---

[1] Ver: Entrada SUMAC # 1, con fecha de 4 de mayo de 2022, caso BQ2022CV00048.

En ese nuevo caso, se presentó desestimación por cosa juzgada el 8 de mayo de 2025, el 17 de julio de 2025, se presentó oposición a desestimación y el 26 de agosto de 2025, el TPI declara No Ha Lugar la desestimación.

La parte demandada ante el TPI presenta este Recurso de Certiorari contra la Resolución que declaró No Ha Lugar la desestimación por cosa juzgada y plantea el siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ACTUÓ CONTRARIO DERECHO, (SIC) ENTIÉNDASE CONTRARIO A LA DOCTRINA DE COSA JUZGADA E IMPEDIMENTO COLATERAL POR SENTENCIA AL DENEGAR LA SOLICITUD DE DESESTIMACIÓN.

No encontramos prudente intervenir en esta etapa del caso ante nuestra consideración. Veamos el derecho aplicable.

**II.**

**A.**

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023); Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012). Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016).

En particular, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece los preceptos que regulan la expedición

del recurso discrecional de *certiorari*, por parte del Tribunal de Apelaciones, para la revisión de determinaciones interlocutorias del Tribunal de Primera Instancia. En lo pertinente, la regla dispone que,

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. 32 LPRA Ap. V, R. 52.1

Al evaluar un recurso de *certiorari* nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas.*, Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025), que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida Regla dispone lo siguientes criterios:

a. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

b. Si la situación de hechos planteada es la más indicada para el análisis del problema.

c. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

d. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

e. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

f. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

g. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B.**

El desahucio se rige por la ley especial, consignada en los artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838, según enmendados y que regulan el término, las condiciones para apelar y el posterior lanzamiento.

La acción de desahucio es el mecanismo que tiene el dueño o dueña de un inmueble para "recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna." Cooperativa v. Colón Lebrón, 203 DPR 812, 820 (2020), que cita a Fernández & Hno. v. Pérez, 79 DPR 244, 247 (1956). A esos efectos, la acción de desahucio es un procedimiento de carácter sumario que responde al interés del Estado de atender con agilidad el reclamo de una persona dueña de un inmueble que ha sido impedido de ejercer su derecho a poseer y disfrutar del mismo. Cooperativa v. Colón Lebrón, *supra*; ATPR v. SLG Volmar-Mathieu, 196 DPR 5, 9 (2016).

El Artículo 628 del Código de Enjuiciamiento Civil, según enmendado dispone que "[e]n los juicios de desahucio la parte contra la cual recaiga sentencia podrá apelar la misma…". 32 LPRA 2830. Conforme al Artículo 629, el término para apelar es el siguiente:

> Las apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados.

32 LPRA sec. 2831

Este recurso sólo se perfecciona sí, dentro del referido término, el demandado presta una fianza por el monto que sea fijado por el Tribunal de Primera Instancia, según lo dispone el Artículo 630 del Código de Enjuiciamiento civil, a saber:

> No se admitirá al demandado el recurso de apelación si no otorga fianza, por el monto que sea fijado por el tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en Secretaría el importe del precio de la deuda hasta la fecha de la sentencia. (énfasis nuestro)

32 LPRA sec. 2832

### III.

La parte peticionaria solicita la revocación de la *Resolución* que emitió el TPI, mediante la cual denegó la solicitud para desestimar dicho caso por cosa juzgada e ignora que en este caso que nos ocupa hay nuevas partes. Ello de por sí no permite atender el reclamo de cosa juzgada.

Además, adecuadamente, el Juicio en su fondo del caso reclamando el desahucio ya comenzó.[2] No vemos que estén presente ninguna de las excepciones mencionadas en la Regla 40, supra, del Reglamento de este Tribunal.

Por tanto, la determinación cuestionada resulta razonable y no requiere nuestra intervención. El peticionario no ha identificado evidencia alguna en el expediente o actuación errada alguna del foro primario que justifique nuestra intervención, en esta etapa, con el dictamen recurrido. Tampoco encontramos que concurra

---

[2] Ver Minuta del 23 de septiembre de 2025, según surge del sistema SUMAC, de la cual tomamos conocimiento judicial.

alguno de los criterios necesarios para expedir el auto de *Certiorari.*

## IV.

Por los fundamentos expuestos, se deniega la expedición del auto de *Certiorari*.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones