ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| NATALIA MARÍA GUZMÁN PÉREZ  Recurrida  v.  OWEN THOMAS CALLAHAN  Recurrente | KLCE202300531 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón  Caso Número: BY2020CV04184 (SALÓN 505)  Sobre:  Desahucio en Precario |
|---|---|---|

Panel integrado por su presidente el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Salgado Schwarz, Carlos G., Juez Ponente.

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de mayo de 2023.

Comparece ante nos el Sr. Owen Thomas Callahan (señor Thomas Callahan o Recurrente) y solicita que revoquemos una *Orden* emitida y notificada el 1 de marzo de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). Mediante el referido dictamen, el TPI concedió un *Memorando de Costas* presentado por la Sra. Natalia María Guzmán Pérez (señora Guzmán Pérez o Recurrida).

Por los fundamentos que exponemos a continuación *desestimamos* el presente recurso de *certiorari*, por falta de jurisdicción, pues su presentación fue tardía.

-I-

El 28 de diciembre de 2020, la señora Guzmán Pérez presentó una *Demanda* de desahucio en precario en contra del señor Thomas Callahan.[1]

---

[1] Este documento no fue incluido por el Recurrente en el apéndice de su recurso. El mismo fue obtenido de SUMAC; anotación núm. 1.

Número Identificador

RES2023_____

Luego de llevarse a cabo los procedimientos de rigor, el 2 de noviembre de 2021 el TPI emitió una *Sentencia*, notificada al día siguiente, mediante la cual declaró *Ha Lugar* la reclamación y ordenó al señor Thomas Callahan a que desalojara el inmueble ocupado.[2]

El 24 de noviembre de 2021, la señora Guzmán Pérez presentó un *Memorando de Costas* al amparo de la Regla 44.1 de Procedimiento Civil,[3] para reclamar el pago de las siguientes partidas, presuntamente necesarias para la tramitación de su caso:

1. Sello de Radicación Tribunal Primera Instancia-          $90.00

2. Costo Diligenciar Emplazamiento-          $90.00

3. Sello de Suspensión de Vista-          $20.00

4. Sellos Oposición Apelación-          $102.00

**TOTAL          $302.00**[4]

Previo a que el TPI se expresara sobre dicha petición, el señor Thomas Callahan acudió ante este Tribunal de Apelaciones y solicitó que revisáramos la *Sentencia* emitida. El 18 de abril de 2022, luego de evaluar el caso ante su consideración, un panel hermano de este foro emitió un dictamen mediante el cual confirmó la decisión apelada.[5]

Inconforme, el Recurrente presentó un recurso de *certiorari* ante el Tribunal Supremo. Sin embargo, el 8 de julio de 2022, nuestro Máximo Foro judicial emitió una *Resolución* proveyendo *No Ha Lugar* a dicha petición.[6]

---

[2] Apéndice del Recurso, págs. 4-9. El foro primario estableció una fianza para apelar de $3,700.
[3] 32 LPRA Ap. V, R. 44.1.
[4] Apéndice del Recurso, págs. 10-12. (Énfasis en el original).
[5] *Id.*, págs. 13-30. Notificada el 19 de abril de 2022.
[6] *Id.*, págs. 31-32. Notificada el 14 de julio de 2022.

La *Carta de Trámite Sobre Mandato* fue notificada el 8 de febrero de 2023.[7]

Así las cosas, el 17 de febrero de 2023, la señora Guzmán Pérez procedió a presentar otro *Memorando de Costas* ante el TPI. En el mismo, reclamó el pago de ciertas cuantías adicionales relacionadas al trámite apelativo suscitado. En específico, el nuevo *Memorando de Costas* solicitó el reembolso de las siguientes partidas:

1. Sello de radicación ante el TPI –          $90.00
2. Servicio de Diligenciamiento de          $90.00
   Emplazamiento –
3. Estudio de Título DR #38 y su             $120.00
   Juramentación –
4. Sello de Suspensión de Vista –            $20.00
5. Sello Oposición Apelación –               $102.00
6. Costo Fotocopias (original y tres
   copias) de la Oposición a la
   Apelación al TA –                          $17.40
7. Costo Fotocopias (original y diez          $8.80
   copias) de la Oposición al
   Recurso de *Certiorari* al TS –
8. Costo Fotocopias (original y diez
   copias) de la Oposición a
   (Segunda) Solicitud de                      $7.70
   Reconsideración al TS –

                              **TOTAL       $455.90**[8]

El **<u>1 de marzo de 2023</u>**, el TPI notificó una *Orden* declarando *Con Lugar* el *Memorando de Costas* ante su consideración.[9]  El 6 de marzo de 2023, el señor Thomas Callahan presentó una *Solicitud de Reconsideración*, la cual fue declarada *No Ha Lugar* el 11 de abril de 2023.[10]

---

[7] *Id.*, pág. 33.
[8] *Id.*, págs. 34-36. (Énfasis en el original).
[9] *Id.*, pág. 37.
[10] *Id.*, págs. 1, 38-44.

Inconforme, el **11 de mayo de 2023**, el señor Thomas Callahan compareció ante este Tribunal de Apelaciones y alegó que el foro primario cometió el siguiente error de derecho:

> Erró el TPI al aprobar un memorando de costas presentado más de 21 días después de archivada en autos copia de la notificación de su sentencia y, por lo tanto, sin jurisdicción para ello.

Contando con la comparecencia de ambas partes, resolvemos.

**-II-**

**A. Falta de Jurisdicción**

Es norma conocida en nuestro ordenamiento jurídico que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que, toda cuestión relacionada a dicho asunto es privilegiada y debe atenderse de manera preferente.[11] Cuestionada la jurisdicción por alguna de las partes, o incluso cuando no haya sido planteado por estas, les corresponde a los tribunales, como deber ministerial, examinar y evaluar con rigurosidad si la poseen, debido a que la misma incide directamente sobre el poder para adjudicar un asunto o controversia.[12]

Un requisito jurisdiccional es aquel que debe cumplirse antes de que el tribunal pueda conocer del pleito.[13] En particular, un término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no puede acortarse ni extenderse.[14] El incumplimiento de una parte con un término jurisdiccional establecido por ley priva

---

[11] *Mun. Autónomo de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).
[12] *Shell v. Srio. de Hacienda*, 187 DPR 109, 123 (2012).
[13] *Ruiz Camilo v. Trafon Group., Inc.*, 200 DPR 254, 268 (2018).
[14] *Id.*, pág. 269.

al foro de jurisdicción para atender los méritos de la controversia.[15]

Entre las ocasiones en las que un tribunal carece de jurisdicción encontramos aquellas en que se presenta un recurso de manera **tardía** o prematura.[16] En estas instancias la presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento o instante en el tiempo todavía no ha nacido autoridad judicial o administrativa para acogerlo.[17] Debido a esto, **si se carece de jurisdicción, solo resta así declararlo y desestimar la reclamación** sin entrar en los méritos de la controversia.[18]

### B. El Desahucio

Conforme expuesto por nuestro Tribunal Supremo, la característica medular de un procedimiento civil sumario es lograr, de la manera más rápida y económica posible, la reivindicación de determinados derechos, reduciendo al mínimo constitucionalmente permisible el elenco de garantías procesales. Ello, conlleva acortar términos — en ocasiones, hacerlos improrrogables — y prescindir de ciertos trámites comunes al proceso ordinario sin negar al demandado o querellado una oportunidad real de presentar efectivamente sus defensas.[19] Estos procedimientos sumarios, en el fondo, constituyen unos tratos privilegiados y su justificación responde a un interés gubernamental legítimo de atender prioritariamente ciertas causas de acción.[20] Por ser la excepción, su aplicación está limitada a situaciones en

---

[15] *Shell v. Srio. de Hacienda*, *supra*, pág. 123.
[16] *Torres Martínez v. Belford Torres Ghigliotty*, 175 DPR 83, 98 (2008).
[17] *Id.*
[18] *Mun. Autónomo de San Sebastián v. QMC Telecom*, *supra*, pág. 660.
[19] *Turabo Ltd. Partnership v. Velardo Ortiz,* 130 DPR 226 (1992).
[20] *Id.*

que la Asamblea Legislativa expresamente ha reconocido la necesidad y trascendencia de reparar, en un breve plazo, algún agravio.[21]

El caso de autos representa una de esas situaciones en las que estatutariamente se contempla un trámite agilizado para una causa de acción particular, a saber: el desahucio. Como es conocido, la acción de desahucio es "el mecanismo que tiene el dueño de un inmueble para 'recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna'".[22] En particular, el desahucio sumario se encuentra reglamentado por los Arts. 620-634 del Código de Enjuiciamiento Civil.[23] Dicha reglamentación recoge el interés del Estado de atender expeditamente la reclamación del dueño de un inmueble, cuyo derecho a poseer y disfrutar su propiedad ha sido interrumpido.[24] En cuanto al proceso de revisión de una determinación final emitida en este tipo de procedimiento, el Art. 629 del Código de Enjuiciamiento Civil establece que:

> **Las apelaciones deberán interponerse en el término de <u>cinco (5) días</u>,** contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados. (Énfasis nuestro).[25]

Sobre este aspecto, nuestro Máximo Foro judicial ha reconocido que el término establecido por el citado artículo es uno **<u>jurisdiccional</u>**.[26] Asimismo, se ha expresado que la apelación que presente una parte

---

[21] *Id.*
[22] *Cooperativa v. Colón Lebrón*, 203 DPR 812, 820 (2020), citando a *Fernández & Hno. v. Pérez*, 79 DPR 244, 247 (1956).
[23] 32 LPRA secs. 2821-2838.
[24] *Cooperativa v. Colón Lebrón*, *supra*, pág. 820; *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235, 240 (2018); *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 9 (2016).
[25] 32 LPRA sec. 2831.
[26] *ATPR v. SLG Volmar-Mathieu*, *supra*, pág. 10.

quedará perfeccionada solo si, dentro del referido término, se presta una fianza equivalente al monto que fije el Tribunal de Primera Instancia para ello.[27]

**-III-**

Los foros judiciales debemos examinar, como cuestión de umbral, si contamos con la jurisdicción necesaria para adentrarnos en las controversias que son presentadas ante nuestra consideración. En este caso, al llevar a cabo dicha encomienda, precisamos que carecemos de dicha facultad, puesto que el Recurrente presentó su recurso luego de transcurrido el término dispuesto por nuestro ordenamiento para solicitar la revisión de una determinación emitida en un proceso de desahucio, tramitado y adjudicado al amparo del procedimiento sumario.

Como mencionáramos previamente, para estos casos la Asamblea Legislativa desarrolló un esquema agilizado mediante el cual los términos procesales ordinarios fueron acortados y reducidos significativamente. Lo anterior, con el propósito de que las reclamaciones que presentaran los dueños de propiedades inmuebles, cuyos derechos de posesión y disfrute se viesen interrumpidos, se atendieran de manera expedita y a la mayor brevedad posible. Cónsono con esto, la reglamentación estableció un plazo de cinco (5) días jurisdiccionales para que las partes pudieran apelar, de interesarlo, la determinación final que en su momento emitiese el TPI.

En lo pertinente al caso de autos, debemos expresar que, aunque la legislación no dispuso de un plazo particular para la revisión de decisiones

---

[27] *Id.*

interlocutorias, o para los asuntos post-sentencia, entendemos que cualquier término en exceso de los cinco (5) días jurisdiccionales previamente expuestos desvirtuaría la naturaleza y el propósito mismo del proceso sumario en cuestión.

Basado en ello, nos resulta forzoso concluir que el recurso de *certiorari* del señor Thomas Callahan fue presentado tardíamente, puesto que habiéndose concedido el *Memorando de Costas* el 1 de marzo de 2023, este contaba con cinco (5) días a partir de dicha fecha para recurrir en revisión ante nos.[28] Así pues, el plazo que tenía el Recurrente a su disposición para instar su petición venció el **10 de marzo de 2023**.[29] Por lo cual, presentado su recurso el 11 de mayo de 2023, este Tribunal se encuentra incapacitado para ejercer su facultad revisora sobre el mismo. En vista de lo anterior, y al amparo del derecho aplicable, procede su desestimación.

**-IV-**

Por los fundamentos antes expuestos *desestimamos* el presente recurso de *certiorari*, por falta de jurisdicción, pues su presentación fue tardía. El Juez Sánchez Ramos disiente con opinión escrita.

Notifíquese.

---

[28] Si bien es cierto que el 6 de marzo de 2023 el Recurrente presentó una *Solicitud de Reconsideración* ante el foro primario, entendemos que el término para recurrir ante esta Curia no quedó interrumpido por esta. Ello pues, nuestro Tribunal Supremo ha dictaminado que las mociones de reconsideración son improcedentes en procesos sumarios, debido a que representan una extensión de los trámites, incompatible con la finalidad de los mismos. Véase: *Patiño Cirino v. Parador Villa Antonio*, 196 DPR 439 (2016) y *Medina Nazario v. MacNeill Healthcare*, 194 DPR 723 (2016).

[29] En *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235 (2018) el Tribunal Supremo resolvió que el mecanismo provisto por la Regla 68.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 88.1, aplica al término jurisdiccional de cinco (5) días que el Art. 629 del Código de Enjuiciamiento Civil provee para apelar una sentencia de desahucio sumario. Es decir, por ser un término menor de siete (7) días, los sábados, domingos y días festivos se excluyen del cómputo.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

| NATALIA MARÍA GUZMÁN PÉREZ | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón |
|---|---|---|
| Recurrida | KLCE202300531 | Caso Número: BY2020CV04184 (SALÓN 505) |
| v. | | |
| OWEN THOMAS CALLAHAN | | |
| Recurrente | | Sobre: Desahucio en Precario |

Panel integrado por su presidente el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

### VOTO DISIDENTE DEL JUEZ SÁNCHEZ RAMOS

No procedía la desestimación de este recurso. La norma general vigente, y aplicable en este contexto por no haberse establecido para el mismo alguna otra, es que el término para recurrir en *certiorari* de una determinación post-sentencia es de treinta (30) días y que dicho término se interrumpe con la oportuna presentación de una moción de reconsideración.

No existe norma reglamentaria, estatutaria o jurisprudencial a los efectos de que, en un caso de desahucio sumario, (i) la reconsideración es inoficiosa o (ii) el término para recurrir en *certiorari* es de solo cinco (5) días. Cuando de términos jurisdiccionales (o de cumplimiento estricto) para acudir a este Tribunal se trata, debemos descansar únicamente en normas claramente establecidas, pues es sobre las mismas que los litigantes dependen y descansan para presentar un recurso.

En este contexto (número de días de un término jurisdiccional o de cumplimiento estricto), no es apropiado, ni justo, aplicarle a un litigante una norma nueva que es producto únicamente de una interpretación analógica y que, por tanto, no ha sido expuesta, ni

consta, en lugar alguno que le permitiese al litigante advertir su contenido.

Finalmente, al tratarse este caso de la revisión de una determinación **post-sentencia**, no cabe hablar de que la reconsideración o el término ordinario de 30 días de algún modo desvirtuaría la naturaleza sumaria del trámite, pues, al emitirse dicha determinación, el trámite ya había concluido con la notificación de una sentencia final.

En San Juan, Puerto Rico, a 31 de mayo de 2023.


HON. ROBERTO SÁNCHEZ RAMOS
JUEZ DE APELACIONES