ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| GLADYS XIOMARA CAMARENA<br><br>Apelado<br><br>v.<br><br>TRENTON SANDERS<br><br>Apelante | **KLAN202400006** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm. SJ2023CV09687<br><br>Sobre: Desahucio y Cobro de Dinero |
| --- | --- | --- |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 23 de febrero de 2024.

Comparece ante este foro el Sr. Trenton Sanders (señor Sanders o "el apelante") y solicita que revisemos una *Sentencia,* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 26 de diciembre de 2023. Mediante esta, el foro primario declaró *HA LUGAR* la demanda de desahucio en contra del apelante, por no pagar los cánones de arrendamiento. Por consiguiente, le ordenó al señor Sanders, que desalojara inmediatamente la propiedad ocupada.

Por los fundamentos que se exponen a continuación, **CONFIRMAMOS** la *Sentencia* apelada.

### I.

El 16 de octubre de 2023, la señora Camarena presentó una *Demanda* en desahucio y cobro de dinero en contra del señor Sanders.[1] Alegó que, es la dueña de la propiedad localizada en la Calle Padre Capuchino #1137

---

[1] Véase, *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Apartamento 4, Río Piedras, San Juan, Puerto Rico. Adujo que, a pesar de requerirle al apelante pagara la deuda, no lo había realizado. Indicó que, el canon de arrendamiento pactado era por la cantidad de trescientos cincuenta dólares ($350.00) mensuales. Sin embargo, argumentó que el señor Sanders dejó de realizar los pagos de arrendamiento, y, por ende, le adeudaba la cantidad de mil setecientos cincuenta ($1,750.00) dólares, equivalente a cinco meses de renta. Añadió, que el apelante abandonó la propiedad, y desconocía su paradero, pero que, necesitaba autorización del foro primario para entrar a la propiedad. Consecuentemente, solicitó el desahucio, el pago de los $1,750.00, y honorarios de abogado.

Por su parte, el 15 de noviembre de 2023, el señor Sanders presentó un escrito intitulado *Moción* solicitando la nulidad del pleito.[2] En esencia, sostuvo que la citación sobre la demanda no estaba dirigida a su persona, puesto que el nombre que aparecía no era el suyo. Expresó que, dicho error provoca que la correspondencia no le sea entregada, y, por consiguiente, no pueda responder a tiempo.

Posteriormente, el 30 de noviembre de 2023, el apelante presentó una moción solicitándole al foro primario que le ordenara a la señora Camarena le proveyera una carta o contrato de arrendamiento, como prueba de su residencia, el cual debía incluir: fecha de su mudanza, el canon de arrendamiento, los términos del contrato, entre otros.[3] Arguyó que, había realizado

---

[2] Véase, *Moción*, entrada núm. 7 en SUMAC.
[3] Véase, *Moción*, entrada núm. 15 en SUMAC.

varios intentos para solicitar dicha información a la apelada, pero no había recibido respuesta.

Luego de varias incidencias procesales, el 11 de diciembre de 2023, fue celebrada la vista en su fondo, y ese mismo día dictó sentencia.[4] Por lo que, luego de escuchar las alegaciones de las partes, el foro primario declaró *Con Lugar* la demanda.

Así las cosas, el 26 de diciembre de 2023, notificó la *Sentencia* apelada.[5] Mediante esta, realizó las siguientes determinaciones de hechos:

> 1. La demandante es dueña por herencia de la propiedad ubicada en la Calle Padre Capuchino #1137, Apartamento 4, en Río Piedras, Puerto Rico.
>
> 2. El 19 de marzo de 2023 las partes suscribieron un contrato de arrendamiento en el que pactaron un canon de $350 mensual.
>
> 3. El contrato no tenía término fijo ni se pactó una vigencia específica.
>
> 4. Las partes acordaron que el demandado debía pagar una fianza.
>
> 5. El demandado realizó un pago de $350 el 19 de marzo de 2023.
>
> 6. El demandado realizó un pago de $320 el 3 de abril de 2023.
>
> 7. El demandado realizó un pago de $300 el 25 de abril de 2023.
>
> 8. La parte demandada no realizó pagos adicionales.
>
> 9. La parte demandada ha ocupado la propiedad sin pagar canon de arrendamiento alguno desde mayo a diciembre de 2023.
>
> 10. La parte demandante no tiene interés en cobrar la deuda, solo interesa que el demandado desaloje el apartamento para que ella pueda recuperar su propiedad.

---

[4] Véase, *Minuta*, entrada núm. 34 en SUMAC.
[5] *Sentencia*, anejo I, págs. 1-3 del apéndice del recurso.

Por consiguiente, declaró *HA LUGAR* la demanda de desahucio y le ordenó al señor Sanders que desalojara inmediatamente la propiedad de la señora Camarena.

En desacuerdo, el 2 de enero de 2024, el señor Sanders presentó el recurso de epígrafe. Aun cuando no esbozó un señalamiento de error en concreto, alegó que no procedía el desahucio, debido a que, intentó pagar el canon de arrendamiento en varias ocasiones, pero la apelada no lo aceptó. A su vez, que la señora Camarena no le envió una notificación para que pagara o desalojara la propiedad en el término de 30 días.

Luego de una evaluación preliminar del expediente, el 9 de febrero de 2024, emitimos una *Resolución*, mediante la cual concedimos a la apelada el término dispuesto en el Reglamento de este Tribunal para que presentara su postura.

Sin embargo, debido a que ya transcurrió el término dispuesto en nuestro Reglamento para que la señora Camarena presentara un alegato en oposición sin que presentara alguna comparecencia, declaramos perfeccionado el recurso de autos.

**II.**

**-A-**

El desahucio es el medio que tiene el dueño o la dueña de un bien inmueble arrendado para que pueda recobrar la posesión de este, a través del lanzamiento o la expulsión del arrendatario o precarista que la mantiene sin pagar los correspondientes cánones. *Ortiz Zayas v. ELA*, 2023 TSPR 43. Véase, además: *Cooperativa v. Colón Lebrón*, 203 DPR 812, 820 (2020). Esta acción de desahucio puede solicitarse, ya sea mediante proceso sumario, o por vía ordinaria. *Adm. Vivienda Pública v.*

*Vega Martínez*, 200 DPR 235, 240 (2018). En cuanto al desahucio sumario, el mismo está regulado por el Código de Enjuiciamiento Civil, específicamente en sus artículos 620 a 634, 32 LPRA secs. 2821-2838. Sobre tal carácter sumario, nuestro Tribunal Supremo ha expresado que ello responde al interés del Estado en atender rápidamente las reclamaciones por parte de los dueños de inmuebles que ven interrumpido su derecho a poseer y disfrutar de su propiedad. *Ortiz Zayas v. ELA*, supra; *Cooperativa v. Colón Lebrón*, supra, pág. 820; *Adm. Vivienda Pública v. Vega Martínez*, supra, pág. 240; *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 9 (2016).

A su vez, como lo que se intenta recobrar en una acción de desahucio es la posesión, nuestro Más Alto Foro ha expresado que, en la acción sumaria de desahucio, se debe limitar la consolidación de otras acciones o defensas. *ATPR v. SLG Volmar-Mathieu*, supra, pág. 10. Cuando la demanda se fundamente en la falta de pago del canon o precio convenido en un contrato, no se admitirá otra prueba que la del recibo o cualquier otro documento que conste haberse verificado el pago. Art. 627 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2829. Sin embargo, en ocasiones, el Tribunal Supremo de Puerto Rico ha permitido la presentación de algunas defensas, siempre y cuando las mismas no desnaturalicen el espíritu del carácter sumario del proceso de desahucio. *Mora Dev. Corp. v. Sandín*, 118 DPR 733, 749 (1987).

-B-

En materia de apreciación de prueba, los foros apelativos debemos brindar deferencia a las determinaciones de hechos formuladas por el foro judicial primario. *Serrano Muñoz v. Auxilio Mutuo*, 171

DPR 717, 740 (2007); *Rolón v. Charlie Car Rental, Inc.*, 148 DPR 420, 433 (1999). La norma general es que, si la actuación del foro *a quo* no está desprovista de una base razonable y no perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de primera instancia, a quien le corresponde la dirección del proceso. *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

Así, el Tribunal de Apelaciones evitará variar las determinaciones de hechos del foro sentenciador, a menos que medie pasión, prejuicio, parcialidad o error manifiesto. Regla 42.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013); *Ramírez Ferrer v. Conagra Foods PR*, 175 DPR 799, 817 (2009). Sobre el particular, el Tribunal Supremo ha expresado que:

> Una de las normas más conocidas en nuestro ordenamiento jurídico es que los tribunales apelativos no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, a menos que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto. *Dávila Nieves v. Meléndez Marín*, supra, pág. 753.

Esta norma de autolimitación judicial cede cuando "un análisis integral de [la] prueba cause en nuestro ánimo una insatisfacción o intranquilidad de conciencia tal que se estremezca nuestro sentido básico de justicia; correspondiéndole al apelante de manera principal señalar y demostrar la base para ello." *Pueblo v. Cabán Torres*, 117 DPR 645, 648 (1986).

En fin, como norma general, no intervendremos con la apreciación de la prueba realizada por el Tribunal de Primera Instancia. Regla 42.2 de las de Procedimiento

Civil, *supra*. Véase, además: *Rivera Menéndez v. Action Services,* supra, pág. 448-449; *Monllor Arzola v. Sociedad de Gananciales,* 138 DPR 600, 610 (1995). No obstante, si de un examen de la prueba, se desprende que el juzgador descartó injustificadamente elementos probatorios importantes o fundó su criterio en testimonios improbables o imposibles, se justifica nuestra intervención. *C. Brewer PR, Inc. v. Rodríguez*, 100 DPR 826, 830 (1972). Ello, sin obviar la norma que establece que un tribunal apelativo no puede dejar sin efecto una sentencia cuyas conclusiones encuentran apoyo en la prueba desfilada. Sánchez Rodríguez v. López Jiménez, 116 DPR 172, 181 (1985).

## III.

Luego de analizar la totalidad del expediente en el Sistema Unificado de Manejo y Administración de Casos del Poder Judicial, y las alegaciones del apelante, concluimos que no le asiste razón. Veamos.

En su recurso, el señor Sanders alega que no procede el desahucio, debido a que, la apelada no le notificó sobre la deuda, ni tampoco le brindó el término de 30 días para pagar o desocupar la propiedad. Por otro lado, arguye que intentó realizar los pagos, pero que la señora Camarena no le proveyó su nombre legal para completar el cheque.

En virtud de la *Sentencia* apelada, el foro de instancia determinó que, el 19 de marzo de 2023 las partes suscribieron un contrato de arrendamiento por un pago de $350.00 mensuales, éste no disponía término fijo, ni vigencia específica. No obstante, el apelante desde mayo de 2023 comenzó a dejar de pagar el canon de arrendamiento, y así continuó, acumulando una deuda por

$1,750.00. A su vez, surge de la sentencia que, la señora Camarena expresó que no tenía interés en cobrar la deuda, sino que, el apelante desalojara el apartamento y ella recuperar su propiedad. Por consiguiente, el foro de instancia concluyó que, el apelante no pagó los cánones pactados desde mayo a diciembre de 2023, y seguía ocupando la propiedad arrendada sin hacer pago alguno. Así las cosas, declaró HA LUGAR la demanda de desahucio y le ordenó al señor Sanders que desalojara el apartamento de la señora Camarena.

Conforme al derecho antes expuesto, el propósito de una acción de desahucio es recuperar la posesión de una propiedad inmueble mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna. *Acosta Rodríguez v. Ghigliotti Lagares,* 186 DPR 984, 989 (2012); *Telesforo Fernández & Hno., Inc. v. Pérez,* 79 DPR 244, 247 (1956). Por lo tanto, el único pronunciamiento en una sentencia bajo el procedimiento de desahucio es si procede o no ordenar el desalojo. *Telesforo Fernández & Hno., Inc. v. Pérez*, supra.

Resulta necesario reseñar que el foro primario tuvo ante sí la encomienda de escuchar y evaluar la prueba testifical y documental presentada en la vista en su fondo. Así las cosas, es menester resaltar que es doctrina reiterada que los tribunales apelativos no debemos intervenir con la apreciación de la prueba que realizan los tribunales de instancia en ausencia de pasión, prejuicio, error manifiesto o parcialidad. *McConnell v. Palau*, 161 DPR 734, 750 (2004); *Trinidad v. Chade*, 153 DPR 280 (2001). Por lo que, este Foro debe

mantener deferencia para con la apreciación de la prueba que realiza un tribunal de instancia. *Arguello v. Arguello*, 155 DPR 62 (2001).

En virtud de lo antes expuesto, avalamos el dictamen emitido por el foro primario. Toda vez que el apelante no probó causa alguna que justificara su posesión, sin realizar los pagos correspondientes y acordados. Tampoco presentó una transcripción o exposición narrativa de la prueba testifical vertida ante el foro primario mediante la cual controvirtiera las determinaciones de hecho y la apreciación de la prueba. Sino que, se limitó a expresar las razones por las cuales no estaba conforme con el dictamen apelado.

Como consecuencia, nos vemos compelidos a confirmar la *Sentencia* del Tribunal de Primera Instancia, la cual declaró *Ha Lugar* la *Demanda* contra el señor Sanders.

**IV.**

Por los fundamentos antes expuestos, se **CONFIRMA** la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones