ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **ALFREDO MALDONADO SIERRA y otros**<br><br>Recurrido<br><br>v.<br><br>**EDWIN KERCADO ALEMAÑY**<br><br>Peticionario | KLCE202500335 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Civil Núm.:<br>**D PE2012-0317**<br><br>Sobre: Desahucio |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Pagán Ocasio y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de mayo de 2025.

Comparece el señor Edwin Kercadó Alemañy (en adelante, el señor Kercadó Alemañy o parte peticionaria) y solicita la revisión de la *Orden de Lanzamiento* notificada el 28 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el aludido dictamen, el TPI ordenó el lanzamiento del peticionario de la propiedad ubicada en la calle 3 #42, Manzana F, Sierra Linda, Bayamón, Puerto Rico.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y devolvemos el caso al TPI.

**I.**

Según surge del expediente, el 30 de marzo de 2012, el señor Alfredo Maldonado Sierra, Jesús M. Sierra Merced y Jennifer Ortiz Sierra (en adelante, parte recurrida) instaron una *Demanda de Desahucio* en contra del señor Kercadó Alemañy en respecto a la propiedad localizada en Sierra Linda, Bayamón, Puerto Rico. En suma, adujeron que el señor Kercadó Alemañy se negó a desocupar el inmueble, bajo el fundamento de que lo había adquirido del

Municipio de Bayamón por conducto de expropiación, pero no proveyó evidencia. Añadieron que no existía contrato alguno de renta por la propiedad, por lo que solicitaron al TPI que ordenara el desahucio. El señor Kercadó Alemañy contestó la demanda oportunamente.

Tras múltiples trámites procesales, las partes informaron al Tribunal que lograron los siguientes acuerdos que ponían fin a las controversias planteadas en la demanda:

1. El precio de venta de la propiedad se establece en $90,500.00.

2. El demandado asumirá todas las deudas, cargas y gravámenes que tenga la propiedad, antes y durante el proceso hasta el día de hoy, 13 de mayo de 2014 ante el CRIM.

3. Se le concede al demandado el término de 60 días para obtener financiamiento para adquirir la propiedad. Luego de esos 60 días, si el demandado no logra el financiamiento, pagará a la parte demandante un canon de arrendamiento de $800.00 mensuales, que no se adjudicaría al precio de venta. La renta se consignará en el tribunal a partir de hoy 13 de mayo de 2014, todos los días 13 de cada mes, hasta tanto se logre el financiamiento para adquirir la propiedad.

4. El demandado asumirá el pago de los gastos que los demandantes han tenido durante el proceso del caso por costas, gastos y honorarios de abogado. Esta cantidad se informará a la parte demandante en los próximos 5 días.

5. El demandado asumirá todos los gastos necesarios relacionados con la escritura de compraventa e inscripción del título de la propiedad en el Registro de la Propiedad. Para esto y en el término de 15 días, las partes firmarán un contrato de opción de compraventa. Como parte del contrato de opción, la parte demandada entregará a la parte demandante $2,000.00 como opción.

6. El demandante Alfredo Maldonado Sierra, miembro de la Sucesión de Rafael Sierra Cabeza, obtendrá todos los poderes necesarios de los demás miembros de la sucesión para poder comparecer al otorgamiento del contrato de opción de compraventa y a la escritura de compraventa.

7. El dinero de la opción se consignará en la Secretaría del Tribunal hasta que pueda disponerse de él. Lo mismo ocurrirá con el precio de compraventa.

8. El demandado reconoce que la titularidad de la propiedad localizada en Calle 3, F-42, de la Urb. Sierra Linda de Bayamón, pertenece a la Sucesión de don Rafael Sierra Cabeza.

9. No se exigirá al demandado el pago de canon de arrendamiento por el tiempo en que ha ocupado la propiedad hasta el día de hoy.

10. Las partes renuncian a los términos de ley para que la sentencia advenga final y firme desde la fecha en que se firme.

En consecuencia, el 22 de mayo de 2014, el foro *a quo* dictó *Sentencia*, con perjuicio, por medio de la cual acogió los acuerdos, los aprobó y los incorporó íntegramente a su dictamen.

Ante un alegado incumplimiento por parte del señor Kercadó Alemañy con el pacto del pago mensual por concepto de cánones de arrendamiento, el 19 de febrero de 2025, el señor Maldonado Sierra instó una *Moción Solicitando Ejecución de Sentencia y Lanzamiento*. Esgrimió que, desde la fecha en que se emitió la sentencia, éste no pagó los cánones, ni desalojó la propiedad, por lo cual procedía el lanzamiento de la unidad de vivienda concernida. Especificó que, a dicha fecha, se le adeudaba la suma de $104,000.00, más $16,280.91 de costas, gastos y honorarios de abogado. Además, el señor Maldonado Sierra expuso que en la propiedad no vivían menores de edad ni personas en edad protegida por los cuales hubiera que velar su seguridad emocional.

El 26 de marzo de 2025, el señor Kercadó Alemañy se opuso al antedicho petitorio de ejecución de sentencia y lanzamiento. Alegó que este no procedía, pues en el caso existía una controversia sustantiva sobre el derecho a la posesión de la propiedad, mejoras permanentes y el carácter de edificante de buena fe de su parte que debían dirimirse en una acción ordinaria. A su vez, argumentó que el señor Maldonado Sierra obstaculizó el cumplimiento de lo pactado, particularmente al no gestionar los poderes necesarios de los restantes miembros de cierta sucesión para otorgar el contrato

de opción de compraventa y la eventual escritura. Expresó que éste quebrantó el principio de buena fe contractual y procesal.

Así las cosas, el 26 de marzo de 2025, el TPI pronunció el dictamen recurrido. Según adelantamos, el foro *a quo* ordenó el desalojo de los ocupantes de la propiedad ubicada en Sierra Linda, Bayamón, y realizó la siguiente expresión: "[e]n la propiedad no viven menores de edad ni personas en edad protegida por los cuales haya que velar su seguridad emocional."

Insatisfecho, el señor Kercadó Alemañy comparece ante nos mediante *Certiorari*, y alega que el foro primario cometió los siguientes errores:

> Erró el TPI al haber dictado una orden de lanzamiento en incumplimiento con el Artículo 632 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, según enmendado, 32 LPRA sec. 2836, por no haberse declarado con lugar la demanda de desahucio en la sentencia dictada y haberse acogido en su lugar un acuerdo transaccional otorgado entre las partes cuyo cumplimiento o incumplimiento y la buena o mala fe ejercida debió atenderse en un juicio declarativo y el cual no contempla el lanzamiento como remedio por incumplimiento con el pago del canon de arrendamiento por la controversia existente.

> Erró el TPI al haber dictado una orden de lanzamiento en incumplimiento e inobservancia con la doctrina establecida en *Berrocal v. Tribunal de Distrito*, 76 DPR 38 (1954), en donde se dispuso que, en aquellos casos donde la relación ordinaria de arrendador y arrendatario, o la de dueño y precarista, se transforma en una relación jurídica distinta, el desahucio no procede, pues cualquiera reclamación de otra naturaleza, se supone que afecte al título de la cosa poseída o al derecho a la posesión lo cual necesitaría un juicio declarativo el cual nunca fue celebrado.

> Erró el TPI al haber dictado una orden de lanzamiento sin haber celebrado un juicio declarativo para resolver en los méritos la controversia planteada en el caso sobre si la parte aquí peticionaria es o no un poseedor y/o edificante de buena fe y su derecho o no a la retención y un título de dominio sobre la edificación, el cual permanecía hasta que el titular del terreno ejerciera su derecho optativo de (A) pagar por los materiales y la mano de obra, o (B) exigir la compra del terreno; y que mientras no lo hiciera, no podía válidamente solicitar el desalojo.

> Erró el TPI al haber dictado una orden de lanzamiento en la que, sin hacer indagación alguna, ni inquirir con

el abogado suscribiente, expresó que en la propiedad no viven menores de edad por los cuales haya que velar su seguridad emocional, lo cual no es cierto.

Junto a su recurso, el señor Kercadó Alemañy instó una *Moción en Auxilio de Jurisdicción* y una declaración jurada, con el propósito de que se paralizara el lanzamiento hasta tanto el recurso fuera resuelto en sus méritos. Adujo que la orden recurrida tendría el efecto de que podía ser lanzado de la propiedad en controversia junto con su esposa, su hija, y la hija de ésta última de 10 meses de edad. Ello, toda vez que el término para el lanzamiento es de 20 días improrrogables que empezarían a decursar a partir de la notificación del mandamiento expedido por la Secretaría del TPI.

Mediante *Resolución* dictada el 4 de abril de 2025, ordenamos la paralización de los procedimientos hasta tanto otra cosa dispusiéramos. Además, concedimos a la parte recurrida un término de 20 días para someter su posición en torno al recurso. En vista de que ello no ocurrió, procedemos a resolver sin el beneficio de su comparecencia.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019). Las resoluciones u órdenes *postsentencia* no están comprendidas de forma expresa bajo ninguno de los incisos de la mencionada Regla. Este tipo de recurso debe evaluarse bajo los parámetros establecidos en la Regla 40 del Reglamento del Tribunal

de Apelaciones para la expedición de un *certiorari*. 4 LPRA Ap. XXII-B, R. 40. Véase, *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del

---

[1] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.[4]

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

De otra parte, la acción de desahucio es el mecanismo que tiene el dueño o la dueña de un inmueble para "recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna". *Cooperativa de Viviendas Rolling Hills v. Colón Lebrón*, 203 DPR 812, 820 (2020), citando a *Fernández & Hno. v. Pérez*, 79 DPR 244, 247 (1956). El desahucio puede solicitarse en un procedimiento ordinario o uno sumario. *Adm. Vivienda Publica v. Vega Martínez,* 200 DPR 235, 240 (2018).

El desahucio sumario se rige por los Artículos 620 al 634 del Código de Enjuiciamiento Civil, según enmendado, 32 LPRA secs. 2821–2838. Esta reglamentación responde al interés del Estado de atender con agilidad el reclamo de una persona dueña de un inmueble que ha sido impedida de ejercer su derecho a poseer y

disfrutarlo. *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 9 (2016). En la acción de desahucio solo puede discutirse el derecho a la posesión de un inmueble. *Mora Dev. Corp. v. Sandín,* 118 DPR 733, 748 (1987). No obstante, el Código de Enjuiciamiento Civil permite, a modo de excepción, acumular la reclamación en cobro de dinero por la falta de pago del canon o precio en que se basa la reclamación de desahucio. Art. 628 del antedicho cuerpo legal, 32 LPRA sec. 2829.

Ahora bien, de existir un conflicto de título, no procede la tramitación sumaria de un desahucio, por lo que deberá dilucidarse en un juicio ordinario. *C.R.U.V. v. Román*, 100 DPR 318 (1971). La necesidad de que ocasionalmente el procedimiento sumario de desahucio se convierta en uno ordinario, no puede llevarnos a configurar una regla automática. A fin de cuentas, dentro del marco procesal sumario de la Ley de Desahucio, el sano discernimiento judicial será la guía para prorrogar términos, posponer señalamientos y permitir enmiendas a las alegaciones. *Turabo Ltd. P'ship v. Velardo Ortiz*, 130 DPR 226, 241 (1992).

En pertinente a la controversia que hoy atendemos, el Artículo 623 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2824, dispone que, si durante la vista de desahucio queda demostrado que el mandamiento es en contra de una familia "de probada insolvencia económica", el foro primario habrá de notificar a los Secretarios de los Departamentos de la Familia y de la Vivienda copia de la demanda de desahucio que se promueve. Lo anterior, para evaluar la condición socioeconómica de la familia y poder brindarles la ayuda social necesaria.

Asimismo, el Artículo 632 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2836, dispone:

> La sentencia que declare con lugar la demanda de desahucio ordenará el lanzamiento del demandado, desde que dicha sentencia sea final y firme. Dicho mandamiento será expedido por la Secretaría del Tribunal a solicitud de la parte, desde que la sentencia

sea final y firme. En aquellos casos en que el tribunal haya determinado la insolvencia económica de la familia contra la cual procede el desahucio, se notificará con copia de la sentencia, inmediatamente, a los Secretarios de los Departamentos de la Familia y de la Vivienda, para que estas agencias continúen brindando sus servicios a la familia afectada. En estos casos, el término para el lanzamiento será de veinte (20) días improrrogables, los cuales empezarán a contarse a partir de la fecha de dicha notificación.

No podrá verificarse el lanzamiento de ninguna familia de probada insolvencia económica, a menos que esté presente al momento de efectuarse el mismo, un funcionario del Departamento de la Familia y del Departamento de la Vivienda, designado por el Secretario de dicho Departamento, respectivamente, quien velará por la seguridad física y emocional de la familia desahuciada.

[…]

### III.

En la presente causa, relacionada a trámites *postsentencia*, discutiremos en primer orden el cuarto señalamiento de error levantado por la parte peticionaria, el cual fue reiterado en su solicitud de auxilio de jurisdicción. En esencia, sostiene que, contrario a lo esbozado por el TPI en la *Orden de Lanzamiento*, en la propiedad objeto de desalojo éste reside junto a su esposa, la hija de su esposa, y una menor de 10 meses. Es decir, trae a nuestra atención una preocupación genuina sobre los efectos de la orden de desalojo concernida.

Cabe destacar que del expediente se desprende que la alegación sobre la existencia o no de menores en la vivienda en cuestión fue incluida por primera vez mediante la *Moción Solicitando Ejecución de Sentencia y Lanzamiento* de la parte recurrida y la parte peticionaria no lo refutó en su escrito en oposición. Tampoco surge que el foro *a quo* indagó sobre ello. Fue luego de dictada la *Orden de Lanzamiento* que el peticionario negó tal aseveración.

No obstante, ante la situación fáctica, en un balance de intereses y con el objetivo de evitar un fracaso de la justicia, así como de velar por la seguridad física y emocional de la familia

desahuciada, entendemos prudente devolver el caso al foro de instancia para que celebre una vista a la brevedad posible. Lo anterior, cimentado en las disposiciones del Código de Enjuiciamiento Civil, el cual expresamente toma en consideración la insolvencia económica de la familia desahuciada. En la audiencia se evaluará la condición socioeconómica de la familia y se notificará a las agencias correspondientes, de ser necesario.

Por el resultado del caso, no serán desarrollados ni discutidos los demás señalamientos de error.

**IV.**

Por los fundamentos expuestos, expedimos el auto de *certiorari* y devolvemos el caso al TPI para que actúe conforme lo aquí resuelto. De otra parte, se deja sin efecto la paralización de los procedimientos ante el TPI.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones