ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **DOLORES SANTANA CARRASQUILLO**<br><br>Apelada<br><br>v.<br><br>**SHEILA M. REYES RODRÍGUEZ**<br><br>Apelante | KLAN202500454 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br>Civil Núm.:<br>**CG2025CV01342**<br><br>Sobre: Desahucio |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez.[1]

Cintrón Cintrón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 26 de junio de 2025.

La señora Sheila M. Reyes Rodríguez (señora Reyes Rodríguez o apelante) comparece ante nos y solicita que revisemos la *Sentencia de Desahucio* notificada por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), el 15 de mayo de 2025. En la referida sentencia, el TPI declaró *ha lugar* la demanda instada por la señora Dolores Santana Carrasquillo (señora Santana Carrasquillo o apelada) en contra de la apelante.

Por los fundamentos que a continuación esbozamos, se modifica el pronunciamiento apelado. Así modificado, se confirma.

## I.

Según surge del expediente, el 25 de abril de 2025, la señora Santana Carrasquillo presentó una demanda de desahucio en contra de la señora Reyes Rodríguez. Alegó que era dueña de la propiedad ubicada en la calle 3A G36 de la urbanización Villa del Rey, cuarta sección, en el municipio de Caguas, en la cual la señora

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones. El juez Sánchez Báez sustituye a la jueza Monsita Rivera Marchand.

Reyes Rodríguez residía como inquilina sin gasto alguno desde el 2022 mediante contrato verbal. Precisó que la señora Reyes Rodríguez vivía con su actual pareja en la propiedad y que, por ende, violó el contrato otorgado por las partes.[2] Requirió que la pareja saliera inmediatamente del apartamento, pues este no aportaba nada económicamente. El 28 de abril de 2025, la señora Santana Carrasquillo instó una (1) moción por derecho propio e intimó que, tanto la señora Reyes Rodríguez, como su pareja, desocuparan la vivienda concernida lo antes posible.

El 7 de mayo de 2025, la señora Reyes Rodríguez solicitó la desestimación de la demanda, conforme la Regla 10.2 de Procedimiento Civil. Adujo que la señora Santana Carrasquillo carecía de legitimación activa porque no presentó evidencia necesaria para presentar la causa de acción. Argumentó que la demanda solicitaba que un tercero, que no era parte de este caso, abandonara la vivienda, pero no solicitaba que ésta la abandonara. A su vez, arguyó que procedía la desestimación porque la demanda dejaba de exponer una reclamación que justificara la concesión de un remedio.

El 8 de mayo de 2025 se celebró la correspondiente vista en su fondo a la cual comparecieron ambas partes. La señora Santana Carrasquillo compareció por derecho propio, mientras que la representación legal de la señora Reyes Rodríguez estuvo a cargo de Servicios Legales de Puerto Rico, Inc. (Servicios Legales).

Ese mismo día, el TPI dictó la sentencia apelada, la cual fue notificada el 15 de mayo de 2025. Por medio de esta declaró *ha lugar* la demanda de desahucio e hizo las siguientes expresiones:

> La demandante proveyó la vivienda de forma gratuita a la demandada y de la misma forma le da por terminada su derecho a ocuparla. La parte demandada, Sheila M. Reyes Rodríguez deberá desalojar la propiedad. Se hace

---

[2] Apéndice III del recurso.

constar que, en el presente caso no existe canon por arrendamiento.

[…]

Asimismo, el foro *a quo* fijó una fianza en apelación de $1,000.00 a la señora Reyes Rodríguez y le advirtió que no se admitiría un recurso de apelación si no la pagaba. Además, ordenó a la Secretaría del Tribunal a notificar con copia de la sentencia al Departamento de la Familia y al Departamento de la Vivienda.

El 21 de mayo de 2025, la señora Reyes Rodríguez incoó el recurso de apelación que nos ocupa. En este le señala al foro de instancia la comisión de los siguientes errores:

> Primer error: Erró el Tribunal de Primera Instancia, al dictar Sentencia de Desahucio sin atender inicialmente la moción de desestimación presentada por falta de legitimación activa, por falta de parte indispensable y porque la demanda, según radicada, deja de exponer una reclamación que justifique la concesión de un remedio, siendo estos planteamientos de naturaleza privilegiada, que deben atenderse previo a entrar al juicio en sus méritos.

> Segundo error: Erró el Tribunal de Primera Instancia al menoscabar el debido proceso de ley, en cuanto al derecho que tiene una parte a contrainterrogar testigos, a ser oída, tener su día en corte, presentar prueba a su favor, y examinar, de forma adecuada, evidencia presentada en su contra.

> Tercer error: Erró el Tribunal de Primera Instancia al no determinar la indigencia de la apelante e imponerle una fianza en apelación de $1,000.00 (mil dólares) a la parte demandada-apelante, a pesar de esta estar representada por Servicios Legales de Puerto Rico y haber sido cualificada como una persona indigente.

Junto a su recurso, la señora Reyes Rodríguez instó una *Moción en Solicitud de Auxilio de Jurisdicción,* con el propósito de que se paralizara toda orden de continuar con los procedimientos del caso, hasta tanto el recurso fuera resuelto en sus méritos. El 29 de mayo de 2025, emitimos *Resolución,* mediante la cual declaramos *No Ha Lugar* la solicitud en auxilio de jurisdicción y le concedimos a la apelada hasta el viernes, 6 de junio de 2025 para someter su posición en torno al recurso apelativo. Ello no ocurrió.

El 2 de junio de 2025, la señora Santana Carrasquillo solicitó la desestimación del recurso por falta de jurisdicción basado en los siguientes fundamentos: (1) la señora Reyes Rodríguez no pagó la fianza de $1,000.00 impuesta por el TPI, por lo que este Foro carecía de jurisdicción; (2) la apelación se instó seis (6) días después de notificada la sentencia y (3) falta de notificación del recurso de apelación.

Procedemos a resolver.

## II.

La acción de desahucio es el mecanismo que tiene el dueño o la dueña de un inmueble para "recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna". *Cooperativa de Viviendas Rolling Hills v. Colón Lebrón*, 203 DPR 812, 820 (2020), citando a *Fernández & Hno. v. Pérez*, 79 DPR 244, 247 (1956). El desahucio puede solicitarse en un procedimiento ordinario o uno sumario. *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235, 240 (2018).

El desahucio sumario se rige por los Artículos 620 al 634 del Código de Enjuiciamiento Civil, según enmendado, 32 LPRA secs. 2821–2838. Esta reglamentación responde al interés del Estado de atender con agilidad el reclamo de una persona dueña de un inmueble que ha sido impedida de ejercer su derecho a poseer y disfrutarlo. *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 9 (2016). En la acción de desahucio solo puede discutirse el derecho a la posesión de un inmueble. *Mora Dev. Corp. v. Sandín,* 118 DPR 733, 748 (1987). Cualquier otra reclamación o causa de acción, como sería un conflicto de título, debe verse en un pleito ordinario. *CRUV v. Román,* 100 DPR 318, 321 (1971). No obstante, el Código de Enjuiciamiento Civil permite, a modo de excepción, acumular la reclamación en cobro de dinero por la falta de pago del canon o

precio en que se basa la reclamación de desahucio. Art. 628 del antedicho cuerpo legal, 32 LPRA sec. 2829.

De otra parte, en todo pleito de desahucio la fianza en apelación se ha catalogado como un requisito de carácter jurisdiccional, por lo que, si el demandado no la presta o consigna los cánones adeudados cuando el desahucio sea por falta de pago, el Tribunal de Apelaciones no tendrá jurisdicción para entrar en los méritos de los señalamientos de error y revisar la decisión. *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408, 413-414 (2009). La razón es obvia: la fianza no existe para garantizar únicamente los pagos adeudados, sino también los daños resultantes de mantener congelado el libre uso de la propiedad afectada mientras se dilucida la apelación. "Lo anterior aconseja que sea el Tribunal de Primera Instancia el foro que fije la fianza, como paso previo y jurisdiccional a la radicación del recurso de apelación". *Íd.*

En *ATPR v. SLG Volmar-Mathieu*, supra, el Tribunal Supremo de Puerto Rico resolvió "que hasta tanto el Tribunal de Primera Instancia no fije en la sentencia el monto de la fianza, la sentencia carece de finalidad y, por ende, el término jurisdiccional de cinco días para presentar la apelación no empieza a transcurrir". *Íd.*, pág. 7. **A pesar de que el pago de la fianza constituye un paso de umbral para que el demandado pueda impugnar ante nos la sentencia que el foro de instancia dictó en su contra, este requisito no es absoluto**. Como excepción a ello nuestra jurisprudencia consigna que están exentos de cumplir con este requerimiento aquellos demandados **cuya insolvencia económica ha sido reconocida por el tribunal**. *ATPR v. SLG Volmar-Mathieu*, supra, pág. 12; *Crespo Quiñones v. Santiago Velázquez*, supra, pág. 414; *Bucaré Management v. Arriaga García*, 125 DPR 153, 158-159 (1990). (Énfasis nuestro).

El recurso de apelación de una sentencia sobre desahucio sumario se debe presentar en el término jurisdiccional de cinco (5) días contados desde la fecha del archivo en autos de la notificación de la sentencia. 32 LPRA sec. 2831; *ATPR v. SLG Volmar-Mathieu,* supra. Si el demandado es la parte apelante, sólo podrá perfeccionarse el recurso de apelación si dentro del referido término de cinco (5) días, presta una fianza por el monto que sea fijado por el tribunal. *Íd.*

**III.**

En la presente causa, discutiremos con carácter prioritario el tercer señalamiento de error alegado por la apelante por tratarse sobre un aspecto jurisdiccional. Ello, en cuanto a la imposición de la fianza en apelación y su relación con la autoridad de este Tribunal para atender el recurso de referencia. Lo anterior fue igualmente traído ante nuestra consideración en la solicitud de desestimación instada por la apelada.

La apelante aduce que el TPI se equivocó al no determinar su indigencia e imponerle una fianza en apelación de $1,000.00, a pesar de estar representada por Servicios Legales. Le asiste la razón.

Examinado el expediente con detenimiento, colegimos que el TPI se equivocó al fijarle a la apelante una fianza como condición para presentar un recurso de revisión contra la sentencia que declaró ha lugar la demanda de desahucio. Aunque como regla general ello es lo que procede, por las particularidades de este caso la imposición de la fianza no es correcta. Con este error tampoco es necesario establecer las bases para que el TPI o este foro apelativo, corroboren la insolvencia de la apelante. Nótese que su representación legal está a cargo de la corporación de Servicios Legales de Puerto Rico. Como es sabido, para poder beneficiarse de la asistencia que brinda Servicios Legales, la persona debe ser cualificada como indigente. Del expediente se desprende que, desde

su primera comparecencia ante el TPI, la apelante estuvo representada por dicha entidad, por lo que es razonable concluir que su insolvencia económica fue reconocida desde el inicio del caso.

Al acoger por analogía lo resuelto por el Tribunal Supremo de Puerto Rico en *Servicios Legales de PR v. López Ortiz*, 211 DPR 393, 416 (2023), sobre que "un indigente cualificado por Servicios Legales está exento del pago de aranceles de presentación e inscripción al Registro de la Propiedad", resulta claro que la apelante está exenta del pago de la fianza en apelación y no es necesario devolver el caso al TPI para que así lo consigne en la *Sentencia de Desahucio*. Lo anterior, en ánimo de preservar la economía procesal y evitar el atraso de los procesos sumarios del caso. En conclusión, el tercer señalamiento de error fue cometido por el foro de instancia. Procede modificar la aludida sentencia, a los únicos efectos de eliminar la imposición de la fianza en apelación de $1,000.00. Así, este aspecto jurisdiccional fue superado. Veamos el próximo argumento de esta índole.

La apelada nos solicita la desestimación del recurso por haberse presentado a seis (6) días de notificada la *Sentencia de Desahucio*. No le asiste la razón.

En lo pertinente, la Regla 68.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.1, dispone que cuando un plazo concedido sea menor de siete (7) días, los sábados, domingos o días de fiesta legal intermedios se excluirán del cómputo y medio día feriado se considerará como feriado en su totalidad. En armonía con lo anterior, en *Adm. Vivienda Pública v. Vega Martínez*, supra, págs. 244-245, el Tribunal Supremo de Puerto Rico analizó, en el contexto de la Regla 68 de Procedimiento Civil, cómo se computa el término de cinco (5) días que dispone el Código de Enjuiciamiento Civil para apelar las sentencias emitidas en procedimientos de desahucio sumario. Así, determinó que el mecanismo provisto por la

mencionada Regla 68.1 aplica al término jurisdiccional de cinco (5) días que el Art. 629 del Código de Enjuiciamiento Civil provee para apelar una sentencia de desahucio sumario. Es decir, al ser un término menor de siete (7) días, los sábados, domingos y días festivos se excluyen del cómputo.

El pronunciamiento apelado se notificó el **15 de mayo de 2025**, por lo que, al palio de la Regla 68.1 de Procedimiento Civil y su jurisprudencia interpretativa, la apelante contaba hasta el jueves, **22 de mayo de 2025** para recurrir ante nos. Por tanto, es evidente que el recurso de epígrafe se instó oportunamente el **21 de mayo de 2025** y poseemos jurisdicción para atenderlo en los méritos.

Aclarado todo lo relacionado al aspecto jurisdiccional del caso, procedemos a discutir los señalamientos de error 1 y 2 levantados por la apelante. Esta arguye que la apelada no presentó evidencia de poseer legitimación activa para instar un proceso sumario de desahucio por no anejar a la demanda prueba de titularidad que le confiriera el poder de solicitar el desalojo de la vivienda. Añade que la demanda solo requirió que un tercero que no fue demandado abandonara la propiedad concernida. A raíz de ello, esboza que falta parte indispensable.

De otro lado, la apelante argumenta que el foro *a quo* erró al no abordar sobre el planteamiento de desestimación durante la vista celebrada el 8 de mayo de 2025 y que solo denegó tal solicitud y acto seguido decretó el desahucio sin más. Añade que quedó privada de la oportunidad de contrainterrogar a la apelada para impugnarla, toda vez que, a su entender, la verdadera razón para solicitar el desahucio fue una orden de protección que solicitó en contra del nieto de la apelada, quien a su vez fue su pareja consensual en un momento dado.

Los argumentos de la apelante no nos convencen. Según surge del expediente, la apelada presentó la demanda de referencia en la que peticionó que la apelante (y posteriormente también su pareja) desalojaran la propiedad en cuestión por incumplimiento con sus acuerdos verbales. La apelada testificó durante la audiencia que era la dueña del inmueble[3] y que deseaba recuperar su posesión. Es un hecho que la apelante no ostenta título alguno que le conceda derecho a continuar ocupando la propiedad en controversia. Aun cuando previamente las partes acordaron que la apelante podía residir en la propiedad como inquilina sin canon de arrendamiento o pago alguno de utilidades desde el 2022, ello con ciertas condiciones, ante la decisión de la apelada de que procedía el desalojo de la vivienda, la apelante no logró oponer para récord prueba en derecho de permanecer allí. Por ende, somos del criterio que actuó correctamente el foro *a quo* al ordenar el desalojo de la apelante. La apelada le proveyó vivienda de manera gratuita por un tiempo prolongado y de la misma manera tiene la potestad de revertir esa decisión.

En suma, la apelante no logró demostrar que el TPI incurrió en error manifiesto, pasión, prejuicio, o parcialidad al dictar la *Sentencia de Desahucio.* Procede su confirmación.

**IV.**

Por los fundamentos anteriormente expresados, se modifica el dictamen a los únicos efectos de eliminar la imposición de la fianza en apelación. Así modificada, se confirma la sentencia apelada.

A la moción de *Solicitud de Desestimación por Falta de Jurisdicción* presentada el 2 de junio de 2025 por la parte apelada, proveemos *No ha lugar.*

---

[3] De la regrabación de la vista se desprende que la apelada presentó prueba de titularidad consistente en la escritura de la propiedad. La representación legal de la apelante objetó su admisión, pero el Tribunal aceptó la evidencia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones